## Geo. S. Bush & Co., Inc. *v.* United States

**No. 4479.**—Invoice dated Paris, France, July 21, 1937.
Entered at Seattle, Wash., August 11, 1937.
Entry No. 843.

(Decided December 22, 1938)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*John J. McDermott* and *Frank E. Carstarphen*, special attorneys), for the defendant.

Evans, Judge: This is an appeal from a finding of value on an importation of silver bracelets from France.

When this case was called for hearing at Seattle the following proceedings, among others, transpired:

Mr. McDermott. I move to dismiss this appeal to reappraisement as being untimely, filed later than the statutory period permits.

Judge Evans. Have you examined the record to see whether that is so?

Mr. Tuttle. Section 501 of the Tariff Act of 1930 states that appraisement shall be final unless within thirty days after notice of appraisement by the consignee, his agent, or his attorney, a written appeal for reappraisement is filed with or mailed to the United States Customs Court. There was no notice of appraisement given here, and as to notice of appraisement Section 501 provides that, "The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value."

In this case, we have a problem that I don't think has been passed upon, namely; that the importer has appealed to reappraisement, although there was no advance in value. There has been no advance in value, nor has any change in the classification of the merchandise resulted from the appraiser's determination of value, which are the two conditions set forth in the statute where notice must be given.

The purpose, if I may state it to the court, of asking for this appeal is this: We believe that the entered and appraised value is erroneous, and the Secretary of the Treasury has the power to grant relief if a clerical error was made in making entry, but his power to grant relief is limited to cases where the final appraised value is the claimed value, or the value which would have prevailed had no clerical error existed.

Our purpose is to show the court what the correct value of this merchandise is, and upon a finding that the correct value is lower than the entered and appraised value, we will then petition the Secretary of the Treasury for whatever relief he can give us on the ground of clerical error.

Thereafter the following stipulation appears of record:

Mr. Tuttle. I now offer to stipulate that the foreign market value of the merchandise covered by this appeal is the unit values as expressed on the foreign invoice, less 50 per cent, plus 8 per cent French tax; and that the export value is no higher.

Mr. McDermott. Upon the advice of the United States examiner, Government counsel so stipulates.

The cause is therefore before the court in the first instance on the motion to dismiss.

Section 501 of the Tariff Act of 1930 reads as follows:

SEC. 501. NOTICE OF APPRAISEMENT—REAPPRAISEMENT.

The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. No such appeal filed by the consignee or his agent shall be deemed valid, unless he has complied with all the provisions of this Act relating to the entry and appraisement of such merchandise. Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court and shall be assigned to one of the judges, who shall, after affording the parties an opportunity to be heard, determine the value of the merchandise. Reasonable notice shall be given to the importer and to the person designated to represent the Government in such proceedings of the time and place of the hearing, at which the parties and their attorneys shall have an opportunity to introduce evidence and to hear and cross-examine the witnesses of the other party and to inspect all samples and all papers admitted or offered as evidence. In finding such value affidavits and depositions of persons whose attendance can not reasonably be had, price lists and catalogues, reports or depositions of consuls, customs agents, collectors, appraisers, assistant appraisers, examiners, and other officers of the Government may be admitted in evidence. Copies of official documents, when certified by an official duly authorized by the Secretary of the Treasury, may be admitted in evidence with the same force and effect as original documents. The value found by the appraiser shall be presumed to be the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise.

The judge shall, after argument on the part of any of the interested parties requesting to be heard, render his decision in writing together with a statement of the reasons therefor and of the facts on which the decision is based. Such decision shall be final and conclusive upon all parties unless within thirty days from the date of the filing of the decision with the collector an application for its review shall be filed with or mailed to the United States Customs Court by the collector or other person authorized by the Secretary of the Treasury, and a copy of such application mailed to the consignee, or his agent or attorney, or filed by the consignee, or his agent or attorney, with the collector, by whom the same shall be forthwith forwarded to the United States Customs Court. Every such application shall be assigned by the court to a division of three judges, who shall consider the case upon the samples of the merchandise, if there be any, and the record made before the single judge, and, after hearing argument on the part of any of the interested parties requesting to be heard, shall affirm, reverse, or modify the decision of the single judge or remand the case to the single judge for further proceedings, and shall state its action in a written decision, to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor. The decision of the United States Customs Court shall

be final and conclusive upon all parties unless an appeal shall be taken by either party to the Court of Customs and Patent Appeals upon a question or questions of law only within the time and in the manner provided by section 198 of the Judicial Code, as amended.

The importer argues that since section 501 provides for notice in the two instances noted but makes no provision for an appeal when merchandise is appraised as entered, there is no limitation on the right to appeal to reappraisement in the event that no notice of appraisement is given. In other words, that since the section provides for notice under the two circumstances stated but says nothing about what shall be the situation in a case where merchandise is appraised as entered, Congress intended that the importer should have a reasonable time within which to appeal to reappraisement and that the limitation on his right to appeal would, under such circumstances, be the date when the liquidation on such appraisement had become final. In other words that the collector is entitled to liquidate immediately after appraisement and that after sixty days from such liquidation the importer could not be heard.

The Government holds that since more than thirty days have elapsed since appraisement, which appraisement was made at the voluntary entered value and not duress in the present case, the court is without jurisdiction to do more than dismiss the cause.

Both sides concede that the collector is not required to give notice of appraisement where there is neither an advance in value nor change in classification. In the importer's reply brief he specifically states:

It is not contended by plaintiff that the above language [section 501, *supra*] placed any obligation upon the collector to issue a notice of appraisement.

He does state, however, that his contention is "that the appraisement does not become final as to the importer until 30 days have elapsed after receipt by him of some kind of notice of" appraisement.

On the state of the record in this case it now appears that the appraisement should have been made at invoice prices less 50 per centum, plus 8 per centum French tax, whereas the merchandise was actually appraised at the invoice values plus 8 per centum tax. If we were to assume that a clerical error was made in preparing the entry in question, as alleged in the appeal, the court would be powerless to give relief for two reasons. First, the court could not entertain a protest to correct an error or mistake in appraisement. *J. E. Bernard & Co.* v. *United States*, T. D. 42525, 52 Treas. Dec. 504, at 506. Second, the court can only give relief from additional duties for proven clerical error under section 489.

The collector is under no obligation to collect duty on the entered value unless the final appraised value is lower than the entered value.

The question in this case is, Does the language of the statute quoted above preclude the right of appeal in a situation such as we have before us? The language of that section is as follows:

The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney.

The defendant contends that it is the obligation of the importer to be diligent to the end that he shall learn when an appraisement shall have been made and that in such a case as we have before us he should have made his appeal to reappraisement within thirty days after said appraisement.

The plaintiff argues as follows:

It would seem that these words [as to the finality of the decision of the appraiser] are susceptible of only two possible constructions: (1) The decision is final immediately in all cases in which notice is not required; or (2) the decision becomes final only 30 days after notice of some sort is given. These two possibilities may be considered in turn.

If a decision of the appraiser is final immediately in those cases in which no notice thereof need be given, it follows, as a corollary, that in all cases (except those involving collector's appeals) when the appraised value equals the entered value no appeal to reappraisement is permissible. On the face of it, this result would seem to make this proposed construction untenable. For example, no notice need be given of appraisement of entries made under pendency certificates. *Jenkins* v. *United States*, T. D. 49480; rehearing granted, Abstract 39582; but appeal to reappraisement must be taken if the importer is to recover. *United States* v. *Woolworth*, 22 C. C. P. A. 184, 192, T. D. 47126; joint resolution of July 12, 1932, T. D. 45805.

This fact alone indicates that appeals are permissible when appraised and entered values are the same, and consequently that the appraisement is not final immediately after being made. But in addition there are numerous cases wherein a plaintiff has sought to have appraised value reduced, so that he might then successfully apply to the Secretary of the Treasury for relief on the ground of clerical error.

The foregoing statements constitute the ingenious argument that Congress intended to give an importer an appeal to reappraisement in every instance and that therefore he is entitled to construe the notice of liquidation as a notice of appraisement and the statute ought to run against him from the date of the notice of liquidation. The right of appeal is a statutory right. It follows that if it is not given in the statute it does not exist. Unfortunately for the importer's contention section 501 does not give in broad terms an appeal from every appraisement. What it does do is to state the right of appeal in terms of a statute of limitation. As to the collector, the appraisement is final unless he files a written appeal within sixty days from the date of the appraiser's report, but as to the importer it shall

become final thirty days after delivery or mailing of a written notice of appraisement, etc. Having provided for a notice in only two circumstances, neither of which fits this case, it would seem naturally to follow that the law did not contemplate an appeal from reappraisement in such a case as we have before us.

The statute does not contemplate that the court shall sit to render an administrative order to assist the Secretary in determining whether or not he will make adjustments for clerical error. The court sitting in reappraisement proceedings sits to render final judgments as to value that shall be binding and controlling in liquidation (unless appealed from), not otherwise. Counsel for the importer cites the cases of *Sears, Roebuck & Co.* v. *United States*, Reap. Dec. 4112; *Grobet File Corp.* v. *United States*, Reap. Dec. 4224; and *Pfaltz* v. *United States*, Reap. Dec. 4323. These decisions were not rendered on parallel facts, the question of the running of the statute not having been raised in said cases.

It is our opinion that the motion to dismiss should be and it is hereby granted.

Judgment will be rendered accordingly. It is so ordered.