FRANK P. DOW CO., INC. (SAMUEL S. PERRY) v. UNITED STATES

**No. 4539.**—Invoice dated Kobe, Japan, April 28, 1936.
Entered at Los Angeles, Calif., May 19, 1936.
Entry No. 9785.

(Decided March 13, 1939)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles F. Lawrence* of counsel) for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*John J. McDermott* and *Daniel G. McGrath*, special attorneys), for the defendant.

BROWN, Judge: This is an importation of so-called snag gangs, which includes both fish hooks and guts. The guts come from Japan and the hooks were previously imported from Norway and added to the guts before exportation from Japan. The consular invoice did not include the price of the hooks. The price of the hooks was added later, plus the Japanese import duty on the hooks,

upon entry and amended entry. The importer got the number of hooks wrong.

The *per se* values thus entered are admittedly correct, and not contested, as being in conformity with the export and foreign value.

The appraiser makes a notation that the entered unit values are correct as amended. The collector, however, construed the action taken as an advance in value of 16 per centum, whereupon the importer was compelled to save his rights by, and did, appeal to reappraisement.

It is plain, therefore, that the entered values are correct, and as now this court on reappraisement may determine the legal status of the appraisement itself, it is held:

First, that the entered values are sustained as proper export value, no foreign-market value being higher:

Second, that as matter of law the inclusion of the omitted hooks is a matter for the collector to deal with on liquidation and that is not, properly speaking, an advance of the value by the appraiser.

Thus the Government will obtain on proper liquidation by the collector, including the omitted hooks treated as an excess in the quantity of merchandise, all the duty to which it is entitled.

The statutory presumption in favor of the local appraiser's official action is advanced by the Government attorney as a reason for not performing my statutory duty of appraising this merchandise, but instead avoiding that plain duty by dismissing this appeal for lack of oral evidence. That would be stupid unconscionable action for me to take here, in view of the record facts, as previously stated, plainly appearing from the official action itself. The official papers in the case, when properly analysed, plainly show exactly what did happen. No oral evidence, even if admissible, to explain the official writings could make it any plainer or add to the facts thus appearing. Therefore, to dismiss the appeal for lack of such oral evidence would be unjust and unfair.

The appraiser approved the importer's *per se* values as entered. It is only from the excess merchandise inadvertently omitted on entry that the confusion arises here. To refuse, in such circumstances, to appraise by dismissing the appeal would be acting like Mr. Tite Barnacle, practicing the science of "how not to do it" in the "Circumlocution Office" as described in Chapter X of Little Dorrit, by Charles Dickens. It is elementary customs law that the *per se* unit values, and not the gross value of a shipment is what is to be appraised by the local appraiser and by this court on appeal to reappraisement. To dismiss the appeal to reappraisement in such circumstances would turn this beneficent judicial remedy for review of administrative action in valuing imported merchandise (as applied to this case) into

a legal farce which Congress never intended by the language it used in establishing this remedy. As before stated, the entered values are sustained and judgment will issue accordingly.