ARTHUR J. FRITZ & Co. *v.* UNITED STATES

**No. 4628.**—Entered at San Francisco, Calif., September 2, 1936. Appraisement entry No. 898.

(Decided on rehearing [Reap. Dec. 4364] August 11, 1939)

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the plaintiffs.

*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

CLINE, Judge: This is a rehearing. The case was designated by the presiding judge of this court as an appeal for a reappraisement and was assigned for hearing on the reappraisement calendar. It relates to the value of certain piano accordions imported from Italy and entered at the port of San Francisco. The appeal filed by the plaintiff reads as follows:

The Collector of Customs, Port of

SIR: Protest is hereby made against your liquidation or your decision assessing imposing, or collecting duty, fees, or other exactions, or excluding any merchandise from entry or delivery, or your refusal to reliquidate for clerical error, in connection with the entries or other matters referred to below. The reasons for objection under tariff act of 1930 are as follows:

Based upon our calculation we find that there was a clerical error made in estimating the appraised value.

It is further claimed that said merchandise should have been classified as entered, or at 10 or 20 percent ad valorem under paragraph 1558, or at the rates prescribed by any of the provisions above cited, by virtue of section 502 (c), or of the similitude or the mixed material clause in paragraph 1559. Each of the claims asserted herein is made with the proviso and condition that the duty claimed is less than the duty assessed. This protest is intended to apply to all goods covered by the entries referred to, of the same kind or character as the goods specified, whether or not particularly enumerated herein.

| Entry | Vessel | Entered or arrived | Liqui-dated | Items |
|---|---|---|---|---|
| Appraisement entry #898 | Ital. SS Feltra | 9/2/36 | 3/17/37 | 2 Cs. Piano Accordions. |

The appeal was filed with the collector of customs on March 19, 1937, and the appraiser made his return on the paper entitled "Appraisement Entry" on March 13, 1937. A consular invoice is with the papers but no notations by the appraiser appear thereon. Attached to the invoice is a consumption entry upon which appears the stamp "Feb. 11, 1937, Canceled" and the notations "Appraisement entry No. 898 substituted, liquidate in conjunction with appraisement." The consumption entry also bears a stamp showing that it was liquidated on March 17, 1937, a stamp showing that no duty was assessed and another stamp indicating that the amount deposited with the entry was refunded on March 24, 1937.

From these various notations it seems that the consumption entry was canceled and that it was liquidated free of duty, the deposit being returned or credited to the importer, and that the appraisement entry was filed to take the place of the consumption entry. There appears to be no decision of the collector against which protest would lie, and, since the pleading filed by the plaintiff challenges the value found in the appraisement, it is sufficient in form to invoke the jurisdiction of the court under section 501 of the Tariff Act of 1930 relating to reappraisement, citing *Edward I. Petow* v. *United States*, Abstract 11939.

Prior to hearing a motion to amend the pleading filed with the collector was granted by the court. The amendment reads as follows:

In accordance with section 518, Tariff Act of 1930, it is moved that this action be amended by adding the following:

(a) That the action of the appraiser was illegal and therefore should be set aside.

(b) That the invoice should be remanded to the appraiser for further action.

(c) That the liquidation of the entry was premature and should be set aside, because no valid appraisement has been made.

(d) That duty should be assessed on a value of $1,804.54 as reported by the appraiser on March 24, 1937.

(e) That said report should be regarded as a correction of the appraisement, and duty should have been assessed accordingly.

(f) That the clerical error made by the appraiser should have been corrected on liquidation.

This amendment is made without prejudice to the plaintiff's right to have this case regarded as a reappraisement appeal.

The case was tried originally before Judge Dallinger and the appeal was dismissed on June 30, 1938 (Reap. Dec. 4364), apparently on the ground that the court has no jurisdiction because the importer made an appraisement entry of the merchandise, citing *Krower, Tynberg Co. (Inc.)* v. *United States*, T. D. 37533, G. A. 8139, 34 Treas. Dec. 136, and *Oriental Trading Art & Looms Co. (Inc.)* v. *United States*, T. D. 44725, 59 Treas. Dec. 650. Within the statutory time, an application for rehearing was filed by the plaintiff claiming that the

form filed with the collector was a protest rather than an appeal for a reappraisement and requesting that the decision be set aside and the record and all the papers in the case be referred to the presiding judge for assignment to the proper division of the court for decision. In granting the application for rehearing, the following order issued:

ORDER GRANTING REHEARING

A motion having been made by plaintiff for rehearing in this case, and due deliberation having been had thereon, it is ordered that the same be, and is hereby, granted, and that all papers in the case be referred to the presiding judge for assignment to the proper division of the court.

Subsequently the presiding judge again ordered the case placed on the reappraisement calendar at San Francisco where it was heard and submitted before me on March 15, 1939. The contention that the pleadings filed should be treated as a protest was waived by counsel for the plaintiff who requested that the goods be reappraised and value thereof established in the condition as imported.

The record shows that at the original hearing the plaintiff called the United States examiner who examined the merchandise. He testified that the shipment was supposed to contain twenty-one piano accordions but he found that two were short and that the others were damaged; that there was a mistake in the valuation he returned and that the appraiser's report contains the facts and the correct value which should have been returned. The appraiser's report was admitted in evidence and marked "Exhibit 1." It reads as follows:

APPRAISEMENT

This protest states that "Based upon our calculations we find that there was a clerical error made in estimating the appraised value."

The merchandise involved consists of accordions which were entered on an Appraisement Entry as damaged merchandise presumably under Sub-division A–2 of Section 498 of the Tariff Act. In checking the merchandise, Examiner London found that two accordions valued at Lit. 1200 each were short and that the other contents of the two cases were damaged. In making his report of value in U. S. currency as required by the Appraisement Entry form he had to calculate an appraised value by making allowance for the two accordions that were short and make a further deduction for the damage allowance on the remaining accordions and convert his Italian currency into American dollars at the rates specified for the date of exportation. He made an error in his calculations in reaching the value of $2,249.00. He has recalculated and finds that the value which he should have reported for this merchandise in the condition as imported is $1,804.54.

No motion to dismiss the appeal was made by counsel for defendant at the trial but in his brief filed before the trial judge he cited the cases above mentioned and suggested that the appeal should be dismissed.

I have examined the authorities cited and find that the case of *Oriental Trading Art & Looms Co., Ltd.* v. *United States, supra,* covers

merchandise entered in a mail entry which is somewhat different from the appraisement entry before the court in this case. Under the provisions of article 355 of the Customs Regulations of 1923, which was in force at the time of the importation in that case, merchandise imported through the mail was not subject to an appeal to reappraisement unless a formal entry had been made. The same provision is contained in article 376 of the Customs Regulations of 1931. The statute confers authority upon the Secretary of the Treasury to make regulations governing the importation of merchandise through the mail and consequently the regulations prohibiting the right to reappraisement have the force of law. My attention has not been directed to a similar regulation with reference to appraisement entries, and, in the absence of such a regulation, I am of opinion that the *Oriental Trading Art & Looms Co.* case, *supra*, is not an authority applicable to the shipment in this case.

The case of *Krower, Tynberg Co. (Inc.)* v. *United States, supra,* related to merchandise entered on an appraisement entry. The court dismissed the appeal, but, in a more recent decision, *D. A. Holm Co. et al.* v. *United States*, Reap. Dec. 2614, Judge Evans of the United States Customs Court refused to dismiss such an appeal on the ground that the goods were entered on an appraisement entry. Judge Evans said:

When the case was called a motion was made to dismiss the same on the ground that there was no formal entry. Citing *Oriental Art & Looms Co.* v. *United States*, T. D. 44725, wherein the merchandise came in by mail and where, according to the testimony, the examiner of the merchandise examined it and made his own appraisement. The court in that case said:

Keeping in mind that the mail entries in question are informal, made by a Government official and not by the importer, that the plaintiff did not enter the merchandise as required by the law governing the entry of imported merchandise, and that an appraisement was not had in the ordinary way of appraising merchandise, does not section 501 of the act of 1922, which provides—

"No such appeal filed by the consignee, or his agent, shall be deemed valid unless he has complied with all the provisions of this act relating to the entry and appraisement of such merchandise, * * *"

prevent an appeal?

The court held that under such circumstances the plaintiff was precluded from appealing from the value found by the examiner in the Post Office Department.

In the instant case it appears that an appraisement and informal entry were made by W. H. Huber, per P. M. Wood, attorney in fact. This was appraised by M. M. Mullins, acting appraiser, and therefore we do not have the same situation as was presented in the case cited. It is our opinion the motion is not well taken and should be overruled.

A similar conclusion was reached by Division One in the case of *Wm. H. Thornley* v. *United States*, Reap. Dec. 1083, in considering the legality of a ruling on a motion to dismiss an appeal for a reappraisement of merchandise entered on an appraisement entry filed under the provisions of the Tariff Act of 1922. The single judge sus-

tained a motion to dismiss the appeal on the ground that no formal entry was made. Judge McClelland, speaking for the division, said:

No opinion was filed by the Chief Justice, but it is apparent that his conclusion was reached upon the theory that an appeal to reappraisement would not lie from a return of value made by an appraiser on an appraisement order, otherwise known as an informal entry. (G. A. 6732, T. D. 28814 and G. A. 8139, T. D. 37533.)

Under administrative provisions of tariff acts preceding the act of September 21, 1922, such was held to be the law, but we are inclined to the view that since the enactment of the latter act, and particularly under section 498 thereof, if it became necessary to pass upon the right to reappraisement under the circumstances detailed above, we would feel constrained to say that under existing law he would be entitled to it, provided he filed his appeal—

with the collector within ten days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney.

(See sections 498 and 501 of the tariff act of 1922 and "Customs Regulations of 1923" promulgated by the Secretary of the Treasury May 27, 1924.)

Section 484 of the Tariff Act of 1930 explains the requirements of an entry but it provides further that—

The Secretary of the Treasury may by regulations provide for such exceptions from the requirements of this subdivision as he deems advisable.

Section 498 (a) (2) of the Tariff Act of 1930 authorizes the Secretary of the Treasury to make regulations for the entry of merchandise damaged on the voyage of importation, and, under the authority of that section, the Secretary of the Treasury promulgated article 338 (b), (c), and (e) of the Customs Regulations of 1931. This regulation, which was in force at the time of the entry herein involved, reads as follows:

(b) The foregoing classes of articles, except as provided in paragraph (d) of this article, regardless of value, may be entered by appraisement on customs Form 7500, unless the articles accompany the owner, in which case they should be included in his baggage declaration.

(c) No consular invoice or bond for its production is required, but the consignee or owner shall in all cases furnish any bills or statements of cost relating to the articles which may be in his possession, and declare under oath that he has no other information as to the value of the articles and is unable to obtain the same or determine the value of the articles for the purpose of making formal entry thereof.

\*  \*  \*  \*  \*  \*  \*

(e) The entry shall be forwarded to the appraiser who shall report the result of his appraisement on the entry and duties shall be assessed in accordance therewith, but the importer may substitute an entry for warehouse at any time within one year from the date of importation.

Since these regulations were authorized by the statute, they have the force of law, and, as the appraisement entry in this case contains the declaration of the importer and conforms in all respects to the regulations and the law, I am of opinion that the appeal should not be dismissed on the ground that the entry did not meet the requirements

of law or that the appeal is invalid under the following provision in section 501:

No such appeal filed by the consignee or his agent shall be deemed valid, unless he has complied with all the provisions of this Act relating to the entry and appraisement of such merchandise.

The provisions of law now in force are quite different from those considered in the *Krower, Tynberg Co. (Inc.)* case, *supra*, and the importer adopted a different procedure in making entry. Here he did make a formal consumption entry and he produced a consular invoice covering the merchandise which documents are with the papers in the case. When he discovered that the goods were damaged, he filed an appraisement entry on customs Form 7500. A notation on the consumption entry indicates that it is to be liquidated in conjunction with the appraisement entry and a notation on the appraisement entry indicates that it is to be liquidated in conjunction with the consumption entry.

The contention of the defendant that the importer cannot appeal from his own entered value, based on the assumption that the appraiser acted for the importer in inserting the entered value on the appraisement entry, is without merit. In the case of *H. S. Dorf & Co., Inc.* v. *United States*, Reap. Dec. 3925, Judge Kincheloe held that an appeal to reappraisement was not invalid because the importer appealed from his own entered value. The court said:

At the beginning of the trial in this case and immediately before the close of same, the attorney for the Government moved to dismiss this appeal to reappraisement, first, on the ground that the entered value and appraised value of this merchandise, being the same, the importer is estopped under section 501 of the Tariff Act of 1930 from making this appeal to reappraisement * * *.

Considering the first ground for dismissal, I will say that I am unable to find anything under section 501 of the Tariff Act of 1930 which prohibits the importer from taking an appeal to reappraisement because the entered value and appraised value are the same. Also, I see nothing in the act that would forbid the collector from taking an appeal to reappraisement even though the appraised value was higher than the entered value. * * *

Counsel for the defendant conceded in open court in this case "that the importer is entitled to relief on the facts" provided the court has power to reappraise merchandise entered on an appraisement entry. This is tantamount to a stipulation that the value of the imported merchandise in the condition as imported is $1,804.54, as stated in Exhibit 1 and as claimed in paragraph (d) of the amendment to the pleadings filed by the plaintiff.

A notation on the summary sheet attached to the invoice indicates that the appraisement found applicable by the appraiser was United States value. There is nothing in the record to show that the apprais-

er adopted an improper method of appraisement. I find that the United States value of the articles in the condition as imported is $1,804.54 for the nineteen accordions. Judgment will be entered accordingly.