## HARRY GLASSBERG *v.* UNITED STATES

**No. 5048.**—Invoices dated Santiago, Chile, January 30, 1940.
Certified January 31, 1940.
Entered at New York February 14, 1940.
Entry No. 784821.

(Decided November 14, 1940)

*Harry Glassberg* for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*William 'J. Vitale,* special attorney), for the defendant.

CLINE, Judge: This is an appeal for a reappraisement of honeydew melons imported from Chile. The consular invoices, which are the form for consigned goods, were certified on January 31, 1940, and entry was filed at the port of New York on February 13, 1940. The merchandise was entered at the invoice value of 50 cents per crate.

On June 13, 1940, the importer filed an amended entry in which the melons were valued at $1.24 per crate. The appraiser filed his return on June 19, 1940. An inspection of the invoices discloses that no notations with respect to the value were made by the appraiser on the invoices, but inasmuch as the summary sheet bears a check mark in the column headed by the word "appraised" it must be considered that the merchandise was appraised at the entered value.

When the case was called for trial the plaintiff appeared without counsel and stated that other importers were allowed to enter melons at the same time at 91 cents per crate while his entry was made at $1.24 per crate. He did not appear to understand the customs procedure because, in stating his complaint, he said his shipment was "liquidated" at $1.24. An examination of the entry indicates that liquidation has not yet taken place. It is well settled that liquidation cannot occur until after final appraisement.

The United States examiner who passed the shipment was called and testified as to the procedure with respect to the entry of melons from Chile. He stated that there is no foreign or export value for melons from Chile and they are appraised on the United States value; that melons are invoiced at the value the exporter hopes to receive for them and entry is made at the invoice value; that when the United States value is ascertained the importer makes an amended entry at the United States value; that the practice in effect has been for the appraiser's office to ascertain the American sales value of honeydew melons from Chile and from that value compute the United States value and inform the importer who makes his amended entry accordingly; that in this case the importer made an amended entry at the value given him in the United States appraiser's office; that the examiner's clerk computed the United States value after obtaining the American selling price of melons but made an error in addition which made a difference of $1,000 in the value of the shipment and the error was not discovered until after the amended entry had been filed; that instead of $1.24 per crate the actual United States value for the instant shipments was 91 cents per crate; that another importer who imported melons at the same time did not make his amended entry as promptly as the importer in this case and learned of the error before making his amended entry so that he made entry at the proper value.

It appears to be conceded by both parties that the dutiable value of the merchandise is the United States value at 91 cents per crate and the plaintiff seeks to have the merchandise appraised at that value.

Counsel for the defendant moved to dismiss the appeal on the ground that the appraised value was the same as the entered value and that the importer would not receive any relief even though the court found that the dutiable value was 91 cents per crate because the collector is

forced by statute to liquidate the entry at not less than the entered value, citing *George S. Bush & Co.* v. *United States*, 1 Cust. Ct. 821, Reap. Dec. 4479.

The court took this motion under advisement with the understanding that if the motion to dismiss was not granted and the court found that the evidence was insufficient to enable the court to appraise the merchandise, the case would be continued until the next calendar.

This case, in some respects, is similar to that in *Grobet File Corp. of America* v. *United States*, 73 Treas. Dec. 1387, Reap. Dec. 4224; wherein the importer made entry at a value higher than the dutiable value due to a clerical error on the invoice in which the value was stated at a unit value per gross but was extended at the same value per dozen. The merchandise was appraised as entered but the importer filed an appeal for a reappraisement. The United States customs examiner testified that the correct value of the merchandise was 15 Swiss francs per gross instead of 15 Swiss francs per dozen as returned by the appraiser. Judge Dallinger took jurisdiction of the case and, in holding that the value was 15 Swiss francs per gross, as stated by the examiner, instead of 15 Swiss francs per dozen as entered, explained the procedure necessary for the importer to obtain relief as follows:

However, while the Government agrees that such are the correct dutiable values, nevertheless under the provisions of section 503 of the Tariff Act of 1930 the collector will undoubtedly be obliged to liquidate the entry on the basis of the entered values, which in the present case are much higher than the final appraised values found by this court. Under the circumstances it would seem that the plaintiff's only recourse is to apply to the Secretary of the Treasury who is authorized under section 520 of said act—

"to refund duties and correct errors in liquidation of entries * * * whenever a clerical error is discovered in any entry or liquidation within one year after the date of entry, or within sixty days after liquidation when liquidation is made more than ten months after the date of entry."

In passing on protests alleging clerical error in which the importer claimed that on account of an error duty was assessed at too high a value, the court has consistently held that duty cannot be assessed on merchandise at less than the appraised value and that unless the entered and appraised value, when they were the same, was not reduced by reappraisement, no relief could be granted. *J. E. Bernard & Co.* v. *United States*, T. D. 42525, 52 Treas. Dec. 504; *C. J. Tower & Sons* v. *United States*, Abstract 8470, 55 Treas. Dec. 1110; *Decorative Plant Co. et al.* v. *United States*, Abstract 15078, 59 Treas. Dec. 1543. In *J. E. Bernard & Co.* v. *United States, supra,* the court said:

In the case at bar if the appraiser had appraised the merchandise at the invoiced value less $7.62, we would be justified in ordering the collector to reliquidate and take duty upon that value by reason of the clerical error made in the entering of the merchandise, but such is not the fact. The merchandise was appraised at the invoiced value. *The importer might have appealed to reappraise-*

*ment, and upon appeal the court might have found a different or lower value. That was his only method to obtain relief so far as the appraisement of the merchandise is concerned.* It may be added that because an error was made in entering the merchandise it does not follow that there was a mistake in appraising. [Italics not quoted.]

In the case of *H. S. Dorf & Co., Inc.* v. *United States*, Reap. Dec. 3925, 70 Treas. Dec. 1228, a motion to dismiss a reappraisement appeal on grounds similar to those stated by counsel for the defendant in the instant case was denied by Judge Kincheloe, as will appear from the following excerpt from his opinion.

. At the beginning of the trial in this case and immediately before the close of same, the attorney for the Government moved to dismiss this appeal to reappraisement, first, on the ground that the entered value and appraised value of this merchandise being the same, the importer is estopped under section 501 of the Tariff Act of 1930 from making this appeal to reappraisement, and second, that any action on the part of this court disturbing the entered and appraised value would be futile and useless by reason of subsection (a) of section 503, Tariff Act of 1930. The court at that time took both of these motions under advisement.

Considering the first ground for dismissal, I will say that I am unable to find anything under section 501 of the Tariff Act of 1930 which prohibits the importer from taking an appeal to reappraisement because the entered value and appraised value are the same. Also I see nothing in the act that would forbid the collector from taking an appeal to reappraisement even though the appraised value was higher than the entered value. It is clear from reading the record in this case that the inaccurate description of the merchandise of this importation appearing in the invoice was the sole cause of the importer entering his merchandise at the price he did, but an incorrect invoice does not deprive the importer of his right to appeal to reappraisement.

\* \* \* \* \* \* \*

I am of opinion that the importer in the present case had a perfect right to execute an appeal to reappraisement and the motion to dismiss on the first ground stated is hereby denied.

The ground stated for dismissal on the second motion, in my judgment, has no application to reappraisement proceedings at all. Subsection (a) of section 503, Tariff Act of 1930, pertains to a subsequent action by the collector of customs in assessing duties and has no application to a reappraisement proceeding. The second motion is therefore denied.

Other cases wherein the court took jurisdiction and appraised merchandise upon which the appraiser did not advance the value higher than the entered value are as follows: *Maillard & Schmiedell* v. *United States*, Reap. Dec. 3766, 68 Treas. Dec. 1459; *F. W. Myers & Co., Inc.* v. *United States*, Reap. Dec. 3939, 70 Treas. Dec. 1267; *Eisenstadt Manufacturing Co.* v. *United States*, Reap. Dec. 3972, 70 Treas. Dec. 1316; *Nippon Import & Trading Co.* v. *United States*, Reap. Dec. 3977, 70 Treas. Dec. 1337; *Sears, Roebuck & Co.* v. *United States*, Reap. Dec. 4112, 72 Treas. Dec. 1066; *Pfaltz & Bauer* v. *United States*, Reap. Dec. 4323, 73 Treas. Dec. 1584; *Julia H. Daube* v. *United States*, Reap. Dec. 4111, 72 Treas. Dec. 1065; *T. E. Ash et al.* v. *United States*, Reap. Dec. 4327, 73 Treas. Dec. 1589, affirmed

by Division One, Reap. Dec. 4601, 2 Cust. Ct. 1016; *Bullocks, Inc.* v. *United States*, Reap. Dec. 4400, 1 Cust. Ct. 629; *Mitsubishi Shoji Kaisha, Ltd.* v. *United States*, Reap. Dec. 4444, 1 Cust. Ct. 728, affirmed on question of jurisdiction by Division One, Reap. Dec. 4570, 2 Cust. Ct. 935; *Frank P. Dow* v. *United States*, Reap. Dec. 4539, 2 Cust. Ct. 885, affirmed by Division Two, Reap. Dec. 4624, 3 Cust. Ct. 528; *Arthur J. Fritz* v. *United States*, Reap. Dec. 4628, 3 Cust. Ct. 541. Every judge in this court participated in one or more of those decisions either as a single judge or in the decision of the Appellate Division on an application for review. Furthermore, in some of the cases counsel for the Government made a motion to dismiss on the ground that an importer could not appeal from his own valuation on entry, which motion was dismissed.

In spite of this imposing array of authorities, counsel for the Government moved to dismiss the appeal in this case upon the authority of *George S. Bush Co.* v. *United States, supra.* An examination of that decision indicates that the same question involved in the motion to dismiss in the instant case was not raised in that case, wherein counsel for the Government moved to dismiss the appeal because it was not filed within the statutory time. The importer claimed that as the collector did not give him notice of appraisement he was entitled to file his appeal within the statutory time after liquidation because the liquidation gave him his first notice of appraisement. It is interesting to note the contention of the Government in that case, as reported in the court's opinion, as follows:

The defendant contends that it is the obligation of the importer to be diligent to the end that he shall learn when an appraisement shall have been made and that in such a case as we have before us he should have made his appeal to reappraisement within thirty days after said appraisement.

Under the Government's contention in that case, as above indicated, the appeal in this case would be valid because here it is not contended that the plaintiff did not file his appeal within the statutory time after appraisement. It appears from that decision that the trial judge dismissed the appeal because it was not filed in time, although there are remarks in the decision to the effect that appeals by importers, the privilege of which the statute grants, are limited to those cases where the collector gave notice of appraisement to the importer. Those remarks appear to have been based on concessions of the attorneys, however, and do not form the basis of the decision.

I am of opinion that the statute providing that appeals to reappraisement by importers shall be filed within 30 days after the collector gives notice of the appraisement to the importer is a statute of limitation only and that, if an importer files an appeal within 30 days after appraisement although the collector fails to give notice of appraisement, as in this case, his appeal should be decided by the

court. Any other interpretation of the statute would enable the Government wrongfully to deprive an importer of any redress due to improper valuation and appraisement without giving him his day in court to establish the proper value of his merchandise. The motion to dismiss the appeal is denied and the case is ordered submitted on the record.

The record in this case shows that there is no foreign or export value for the merchandise and I hold that United States value is the proper basis of appraisement and that the United States value for the melons herein involved is $0.91 per crate. Judgment will be entered accordingly.