UNITED STATES *v.* ELECTRIC AUTO-LITE CO.

**No. 7866.**
Entry No. A–3772, etc.

(Decided August 21, 1950)

*David N. Edelstein,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the plaintiff.
*George H. Souther* for the defendant.

CLINE, Judge: The cases listed in schedule "A," hereto attached and made a part hereof, are appeals for reappraisement of electrical auto parts imported from Canada between December 10, 1946, and October 22, 1947. The merchandise was entered and appraised on

the basis of cost of production and appeals were taken by the collector.

At the trial the cases were submitted upon the following stipulation of facts:

IT IS HEREBY STIPULATED AND AGREED subject to the approval of the Court that the cost of manufacturing and producing merchandise such as or similar to the particular merchandise involved herein, at a time preceding the dates of exportation which would ordinarily permit the manufacture or production of merchandise such as or similar to particular merchandise under consideration in the usual course of business, is as follows enumerated under the items as given below as: (1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise; (2) The usual general expenses in the case of such merchandise; (3) Profit equal to the profit ordinarily added by manufacturers who are engaged in the manufacture of merchandise of the same class or kind.

|  | GDZ 2006FT | MAW 2128T | MAW 2030T | VRP 4001AST | VRP 4004F |
|---|---|---|---|---|---|
| (1)_____ | C$159. 375 | $204. 996 | $166. 644 | $110. 079 | $118. 404 |
| (2)_____ | 40. 628 | 39. 905 | 39. 715 | 35. 351 | 36. 261 |
| (3)_____ | 42. 277 | 59. 989 | 42. 721 | 56. 46 | 73. 455 |
| Total _____ | C$242. 28 | $304. 89 | $249. 08 | $201. 89 | $228. 12 |

IT IS FURTHER STIPULATED AND AGREED that such or similar merchandise is not freely offered for sale for home consumption nor for export to the United States, nor is such merchandise freely offered for sale, packed ready for delivery in the principal market of the United States.

IT IS FURTHER STIPULATED AND AGREED that the submission of these appeals is subject to Defendant's oral motion to dismiss Appeals Nos. 164635–A, 164636–A, 164637–A, 164638–A, 164639–A, 164640–A, and 164641–A, 168466–A, 168467–A.

IT IS FURTHER AGREED that this case may be submitted under the foregoing stipulation.

In accordance with the reservation in the stipulation, defendant moved to dismiss the following appeals:

Numbers: 164635–A, 164636–A, 164637–A,
164638–A, 164639–A, 164640–A,
164641–A, 168466–A, 168467–A,

on the ground that they were untimely.

It was further stipulated that with respect to reappraisement numbers 164636–A and 164637–A the appraiser's reports were filed with the collector on June 17, 1947; that with respect to reappraisement numbers 164635–A, 164638–A, 164639–A, 164640–A, and 164641–A the appraiser's reports were filed with the collector on June 16, 1947; and that with respect to reappraisement numbers 168466–A and 168467–A the appeals were mailed by the collector to the United States Customs Court on April 30, 1948.

In its brief defendant withdrew its motion to dismiss with respect to reappraisement numbers 168466–A and 168467–A.

The controlling dates with respect to the remaining cases to which the motion to dismiss applies are shown by the record to be as follows:

| Reappraisement No. | Date of appraiser's report | Date filed with collector | Date appeals received by U. S. Customs Court |
|---|---|---|---|
| 164635–A | 6/13/47 | 6/16/47 | 8/14/47 |
| 164636–A | " | 6/17/47 | " |
| 164637–A | " | 6/17/47 | " |
| 164638–A | " | 6/16/47 | " |
| 164639–A | " | 6/16/47 | " |
| 164640–A | " | 6/16/47 | " |
| 164641–A | " | 6/16/47 | " |

Section 501 of the Tariff Act of 1930, as amended, provides:

The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney.

Defendant claims that the collector's appeals were filed with the United States Customs Court 62 days after the date of the appraiser's report and that they are therefore untimely. The Government claims, however, that the 60-day period does not begin from the date of the appraiser's report but from the date on which the report is filed with the collector, and that, consequently, the appeals herein are timely.

The literal terms of the statute provide that the 60-day period runs from the date of the appraiser's report. It is a well-settled rule of construction that where the language of a statute is plain and unambiguous, there is no room for interpretation and the courts are bound to follow the wording of the statute regardless of the consequences. *Caminetti* v. *United States*, 242 U. S. 470; *Hamilton* v. *Rathbone*, 175 U. S. 414; *Commissioner of Immigration of Port of New York* v. *Gottlieb et al.*, 265 U. S. 310.

In support of its position the Government cites *United States* v. *C. V. Vance (International Milling Co.) et al.*, 69 Treas. Dec. 1637, Reap. Dec. 3904, and *Samstag & Hilder Bros.* v. *United States*, 34 Treas. Dec. 134, T. D. 37532.

In the *Vance* case it appeared that the original dates of the appraiser's reports had been stricken out and later dates substituted. A motion was made to dismiss the appeals on the ground that the alterations had been made deliberately for the purpose of making the appeals appear timely. The court denied the motion on the ground that the

matters were still under the jurisdiction of the appraiser at the time the alterations were made. The court said (pp. 1641–1642):

Therefore, on the established facts and the law applicable thereto it is held that the appraisements in the above-enumerated sixteen appeals did not become complete and final as to the local appraiser until the latter's reports accompanied by the appraised invoices were lodged with the collector at Pembina. Since the alterations in the dates of appraisements were made prior to that time and while the matter of appraisement was still within the jurisdiction of the local appraiser at Portal, such changes in dates were not illegally made. And *since the dates as changed are within the statute of limitation governing appeals to reappraisement, the appeals are hereby held to be timely.* [Emphasis supplied.]

That case does not support the proposition that the time limit begins to run from the date of filing the report with the collector, but rather that the date of the report is controlling. That date may be changed by the appraiser while the report is still in his hands, but it is binding upon the collector insofar as his time to appeal is concerned.

The case of *Samstag & Hilder Bros. v. United States, supra,* involved the Tariff Act of 1913, which provided:

M. That the appraiser shall revise and correct the reports of the assistant appraisers as he may judge proper, and the appraiser * * * shall report to the collector his decision as to the value of the merchandise appraised. * * * If the collector shall deem the appraisement of any imported merchandise too low, he may, within sixty days thereafter, appeal to reappraisement, which shall be made by one of the general appraisers.

Under that statute, the court stated that the collector had 60 days to appeal after he received notice of the appraisement. However, the motion to dismiss was granted since there was no proof as to when the collector received the report and more than 60 days had elapsed between the date of appraisement and the date of appeal. Since the wording of the present statute is substantially different, the statement in the *Samstag & Hilder Bros.* case has no bearing herein.

In *United States v. Charles L. King,* Reap. Circ. No. 2628, it appeared that the appraiser's report was made on April 22, 1932, and the collector's appeal was filed on June 22, 1932. The court granted a motion to dismiss the appeal on the ground that it was untimely, stating:

The statute is clear that such appeal shall be filed with or mailed to the United States Customs Court within 60 days after the date of the appraiser's report.

A strict construction of this statute is requisite. Does such construction require, in ascertaining when the time for taking the appeal expires, the counting of the day when the report was made? It is my judgment that the day on which the report was made should not be counted. * * *

* * * * * * *

The above authorities, while instructive and interesting, may not control the motion in the case at bar, for the statute clearly states that the notice must be filed within 60 days after the date of the appraiser's report. It would seemingly follow that the first day, or the date of the appraiser's report, by the statute may not be counted. If it should be counted, then the time would be 62 days; if it is not the time is 61 days. In either event it appears to me this notice of appeal was not filed in time.

Since the appeals in reappraisement numbers 164635–A, 164636–A, 164637–A, 164638–A, 164639–A, 164640–A, and 164641–A were filed more than 60 days after the date of the appraiser's report, they are untimely. The motion to dismiss is therefore granted.

As to reappraisement numbers 163102–A, 163103–A, 163104–A, 163105–A, 163106–A, 168466–A, and 168467–A, on the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise involved herein, and that such values are as follows:

| GDZ 2006FT | MAW 2128T | MAW 2030T | VRP 4001AST | VRP 4004F |
|------------|-----------|-----------|-------------|-----------|
| C$242.28   | C$304.89  | C$249.08  | C$201.89    | C$228.12  |

Judgment will be rendered accordingly.