MYRTLE E. RAYMAN *v.* UNITED STATES

No. 7890.

Appraisement entry No. 1187.

(Decided October 3, 1950)

Plaintiff not represented by counsel.

*David N. Edelstein*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

MOLLISON, Judge: This is an appeal for reappraisement from findings of value made by the United States appraiser at the port of Chicago on certain silver articles imported from Denmark. It appears from the record that the plaintiff's father ordered the silver while on a visit to Denmark and that at that time it was intended as a gift to the plaintiff. Before the articles were made up, however, plaintiff's father returned to the United States, and the shipment did not arrive until some months later.

From statements made by the plaintiff at the trial of the issue it appears that she was under the impression that the duties which would accrue upon the receipt of the silver would be charged to the exemption from duty accorded her father as a returning American resident under paragraph 1798 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938. Because of the fact that her father was confined to a hospital at the time of the trial, plaintiff was unable to establish any facts in connection with the said exemption.

It further appears that when the shipment arrived it was addressed to the plaintiff, rather than to her father, and that the plaintiff ultimately paid the bill for the silver. At the time of entry, however, the plaintiff apparently was unable to place a value on the silver, and entry was made under a so-called "appraisement entry" under the provisions of section 498 (a) (5) of the Tariff Act of 1930 and the appropriate customs regulations.

Counsel for the Government moved to dismiss the appeal for reappraisement on the ground that no appeal for reappraisement will lie from an appraisement entry, and such motion was taken under advisement. For the reasons stated in the opinion of Cline, J., in the case of *Arthur J. Fritz & Co.* v. *United States*, 3 Cust. Ct. 541, Reap. Dec. 4628, and the cases therein cited, I am satisfied that the motion to dismiss is without merit, and it is therefore denied.

On the merits of the case, however, I find that plaintiff was unable to establish any value for the merchandise involved other than that found by the appraiser. At the trial she produced an invoice from

the manufacturer showing a total value of Danish Kr. 1,082. This invoice agrees with one found in the official papers so far as the value shown for the individual items is concerned, but at the bottom of the latter invoice following the total of Danish Kr. 1,082 are the following, which are obviously charges of some sort:

Krigsforsikring_____ 32. 46
Porto_____ 4. 65

A calculation shows that the appraised value exceeds the value shown in the invoice produced by the plaintiff by the amount of the foregoing charges, and it is therefore apparent that appraisement was made at the invoice unit prices plus the above-mentioned charges, which were not translated.

On the record made, I am unable to find any value for the merchandise other than that returned by the appraiser, which was presumptively correct. 28 U. S. C., 1948 rev., § 2633.

Judgment will issue accordingly.