(Reap. Dec. 8189)

CRITTALL, INC. *v.* UNITED STATES

Entry Nos. J–87; J–182.

(Decided December 11, 1952)

*Howard R. Johnson* (*Albert G. Frackelton* of counsel) for the plaintiff.
*Charles J. Wagner,* Acting Assistant Attorney General (*Arthur R. Martoccia,* special attorney), for the defendant.

MOLLISON, Judge: When these two appeals for reappraisement were called for trial at the port of Milwaukee, Wis. (to which port they were transferred from Jacksonville, Fla., the port of entry), counsel for the defendant moved to dismiss the same on the grounds (1) that the entered and appraised values were the same, and the appeals for reappraisement consequently raised no issue, and (2) that the appeals were untimely, having been filed more than 30 days after the date of appraisement.

It appears from an examination of the official papers transmitted to the court that in each case the merchandise was appraised by the appraiser at the same values as entered, and that the report of appraisement by that officer in each case was dated October 19, 1950. Each of the appeals for reappraisement is dated November 21, 1950, and each bears a rubber stamp indicating receipt thereof at the customhouse, Jacksonville, Fla. (the port of entry), on November 30, 1950. Counsel for the plaintiff does not dispute the foregoing dates.

Section 501 (a) of the Tariff Act of 1930, as amended (19 U. S. C. § 1501 (a)), provides that written notice of appraisement shall be given the consignee, his agent, or his attorney if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. As the appraised values in these cases were the same as the entered values, and as there does not seem to be any question but that the appraiser's determination of value would not affect the classification of the merchandise involved, there was evidently no notice of appraisement sent to the consignee, its agent, or its attorney in these cases. It has been held, however, that appeal for reappraisement will lie in this court even in cases where the collector is not required to give notice of appraisement, and that the court has jurisdiction to determine the value of the merchandise involved. See *Harry Glassberg* v. *United States*, 5 Cust. Ct. 599, Reap. Dec. 5048, and cases therein cited.

The first ground cited by counsel for defendant in the motion to dismiss is, therefore, untenable. However, it appears that the appeals here involved were filed with the collector more than 30 days after the date of appraisement. In the *Glassberg* case, *supra*, it was pointed out that the 30-day limitation as to time specified in section 501 (a), *supra*, was applicable to cases such as the present cases, where no notice of appraisement was required to be given, the limitation in such cases running from the date of appraisement. The second ground for dismissal of the instant appeals for reappraisement was, therefore, well taken, and judgment will issue dismissing the same. See *Frank Brigham* v. *United States*, 18 Cust. Ct. 625, Reap. Dec. 7285, and *Herbert B. Moller* v. *United States*, 19 Cust. Ct. 219, Reap. Dec. 7339.