**Reap. Dec. 10235.**—West Palm Beach Terminal Co. *v.* United States, reappraisement R61/16264.— ▮▮▮▮▮▮▮ Entered at West Palm Beach, Fla. (Tampa, Fla.) Motion by defendant. The following memorandum accompanied the order granting motion to dismiss appeal for reappraisement:

WILSON, Judge: This matter came on regularly for hearing before the court in West Palm Beach, Fla., on the 6th day of March 1962, upon the motion of the defendant, the United States, to dismiss the appeal for reappraisement on file herein on the ground that the filing thereof was untimely. Ninety-nine entries are involved.

It is conceded by the plaintiff that the appeal was filed more than 30 days after written notice had been received from the United States collector that "The appraised value is higher than the entered value." Since the filing of the appeal was made on the 31st day, the plaintiff argues that the late filing should be overlooked and the appeal heard on its merits. However, the law makes no distinction between late filings whether the period of tardiness be 1 day or 100 days.

Section 501(a) of the Tariff Act of 1930, as amended, provides as follows:

The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent or his attorney.

It will be observed that the language of the statute is mandatory, in that it says "The decision of the appraiser * * * *shall* be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court * * * by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of. mailing of written notice of appraisement to the consignee, his agent, or his attorney." [Italics supplied.]

It is a general rule of law that statutes of limitation are mandatory, unless waived by the party or parties in whose favor they have run. In 53 Corpus Juris Secundum 920, section 6, the law is stated as follows:

Except in cases of direct technical trusts, the statute of limitations operates as a bar, in equity as well as in law, and this ex vigore suo and not by the discretion or courtesy of the courts. It does not operate as a rule of evidence by creating a presumption of payment only, but as a positive or absolute bar, regardless of equitable claims or considerations. If a claim barred by statute is paid, there can be no recoupment. Where the relief sought is dependent on, and incidental to, a right or claim which is barred by the statute of limitations, such relief is also barred.

The United States Customs Court, in the case of *Geo. S. Bush & Co., Inc.* v. *United States*, 1 Cust. Ct. 821, Reap. Dec. 4479, pointed out that the right of appeal is statutory and is limited by the provisions of the statute relied upon. In so holding, the court said, page 824:

\* \* \* The right of appeal is a statutory right. It follows that if it is not given in the statute it does not exist. Unfortunately for the importer's contention section 501 does not give in broad terms an appeal from every appraisement. What it does do is to state the right of appeal in terms of a statute of limitation. As to the collector, the appraisement is final unless he files a written appeal within sixty days from the date of the appraiser's report, but as to the importer it shall become final thirty days after delivery or mailing of a written notice of appraisement, \* \* \*.

There is no ambiguity in the provisions of section 501, *supra*, so the court cannot undertake a construction of the terms of the statute in any way at variance with its express provisions. See *United States* v. *Electric Auto-Lite Co.*, 25 Cust. Ct. 394, Reap. Dec. 7866. In that case, the court stated, page 396, that—

\* \* \* It is a well-settled rule of construction that where the language of a statute is plain and unambiguous, there is no room for interpretation and the courts are bound to follow the wording of the statute regardless of the consequences. *Caminetti* v. *United States*, 242 U.S. 470; *Hamilton* v. *Rathbone*, 175 U.S. 414; *Commissioner of Immigration of Port of New York* v. *Gottlieb et al.*, 265 U.S. 310.

While the court always prefers to try cases upon their merits, this is a situation in which the court is bound to follow the provisions of the statute which, by its terms, outlaws the plaintiff's appeal.

For the reasons stated aforesaid, defendant's motion to dismiss the appeal for reappraisement herein is hereby granted.

Order will issue accordingly.