UNITED STATES v. WOODWARD–NEWHOUSE CO. (No. 2129).[1]

ENTERED VALUE—CLERICAL ERROR.

Where the entry stated correctly the number of bushels imported and the price per bushel, but erroneously extended the total, the "entered value" under paragraph I, Section III, tariff act of 1913, was the unit value and not the erroneous extension. It was the duty of the collector to multiply the number of bushels by the value per bushel and assess duty upon the result. It was error for him to liquidate upon the basis of the erroneous extension in the entry. The correc-

[1] T. D. 39100.

tion of such an error is not vested, by paragraphs I and Y, Section III, tariff act of 1913, in the Secretary of the Treasury; but is within the jurisdiction of the Board of United States General Appraisers and the United States Court of Customs Appeals.

### United States Court of Customs Appeals, April 10, 1922.

APPEAL from Board of United States General Appraisers, Abstract 44356.

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Marcus Higginbotham, jr.,* special attorney, of counsel). for the United States.
Submitted on record by appellee.

[Oral argument February 23, 1922, by Mr. Hoppin.]

Before SMITH, BARBER, and MARTIN, Associate Judges; DE VRIES, Presiding Judge, participating in the decision by agreement of counsel.

BARBER, Judge, delivered the opinion of the court:

There is no appearance or brief in behalf of importer in this case.

The facts are meager. The invoice stated the merchandise to be 1,075 bushels of wheat, valued at $2.20 per bushel. The total value, however, was therein carried out or extended at $3,365, when in fact it should have been $2,365. The entry papers are not before us, but obviously the error in the invoice was reproduced in the entry, and the Government so assumes. The correct rate of duty on the importation was 10 per cent ad valorem.

On liquidation the collector regarded $3,365 as the entered value and apparently took duty of 10 per cent ad valorem thereon. He reported to the board that "The invoice calls for 1,075 bu. at $2.20 per bu., which is carried out as $3,365, and this amount should have been $2,365, from which is deducted the amount of the freight, $150."

The importer protested this liquidation, pointing out that the true value of the importation was $2,365, and that the facts disclosed a manifest clerical error.

Upon this state of facts the Board of General Appraisers found there was error apparent upon the face of the invoice; said it was apparent that the duty of 10 per cent should have been assessed upon $2,365 instead of upon the greater amount, sustained the protest, and directed reliquidation accordingly.

Upon the argument in this court no reference is made to the matter of the freight. No additional duties were assessed.

The Government, as we understand, makes the following contentions:

1. That the larger; that is, the extended amount of $3,365, was and must be regarded as the entered value of the merchandise, and the amount upon which the normal duty must be assessed under paragraph I of Section III of the tariff act of 1913, which provides, among other things, that—

The duty shall not, however, be assessed in any case upon an amount less than the entered value, unless by direction of the Secretary of the Treasury.

2. That this larger amount so carried out or extended is the result of a manifest clerical error, which can not, it is urged, be corrected by the collector, the Board of General Appraisers, or this court, because of the provision in paragraph Y of said Section III, that—

the Secretary of the Treasury is hereby authorized to correct manifest clerical error in any entry or liquidation for or against the United States at any time within one year of the date of such entry, but not afterwards—

claiming that this last quoted provision vests exclusive power to correct manifest clerical error in the Secretary of the Treasury.

In this case that officer has not directed duty to be taken upon an amount less than $3,365, and it does not appear that application has been made to him for such a direction.

The record contains no information as to what action the appraiser or other customs officers, aside from the collector, took with reference to this importation. It must be presumed, however, that the proper officers found the entered number of bushels, 1,075, to be correct, and that the entered unit price or value of $2.20 per bushel was the dutiable market value thereof, and hence was correct.

It is obvious therefore that the determinative fact regarding the Government's first contention is, what must be regarded as the entered value. If it be the erroneously extended sum of $3,365 the contention should be upheld.—Mills & Gibbs v. United States (8 Ct. Cust. Appls. 31; T. D. 37164). If, on the other hand, the entered value is $2.20 per bushel, that is, if the value stated in the entry as the unit value of the wheat be regarded as the entered value, a different conclusion may result.

It is important to remember that this case is one where the number of units and the value per unit have each been specifically stated in the invoice and entry, and found correct by the proper customs officers, and not a case where the number of units has been stated and the gross value thereof only carried out in the entry, or a case where no units have been mentioned, and the entered value refers to the merchandise in bulk.

In United States v. Kuttroff (9 Ct. Cust. Appls. 239; T. D. 38204), opinion by De Vries, Judge, in defining the terms "appraised value" and "entered value" under paragraph I it was said—

Inasmuch as the provision literally requires comparison of two values, necessarily they must, to be thus comparable, be the same in kind. That is to say, if the one is a unit value so must be the other, and if the one is a gross or quantity value so, to be comparable, must be the other.

After an illuminating discussion and review of the authorities it was concluded—

That the "appraised value" of merchandise is the unit value and not the total value of the importation is well settled in customs adjudication.

We do not overlook the fact that in that case and in many, if not all the cases therein cited and referred to, the question of undervaluation was under consideration, but such fact can not change the conclusion which should be reached in this case in determining what was the entered value.

It is obvious that there can not be two different entered values of the same merchandise, and that the entered value thereof once ascertained becomes the entered value for all purposes under the tariff law.

Without undertaking again to review or discuss the authorities under examination in the case last cited, it is sufficient for the purposes of this opinion to say that they definitely and uniformly establish the rule that where an entry stated the entered value of the unit of merchandise duty must be assessed upon the appraised value of the unit multiplied by the number of units. In other words, the gross entered value in such case is ascertained by multiplying the entered unit value by the true number of units.

For convenient reference, we again cite authorities referred to in the case of United States *v.* Kuttroff, supra:

Marriott *v.* Brune (9 How. 50 U. S. 619); Saxonville Mills *v.* Russell (116 U. S. 13); Manhattan Gas-Light Co. *v.* Maxwell (2 Blatch. 405; 16 Fed. Cases 600); Yznaga et al. *v.* Redfield (4 Blatch. 469; 30 Fed. Cases 903); United States *v.* Nash et al. (4 Cliff. 107; 27 Fed. Cases 75); United States *v.* Bush (5 Ct. Cust. Appls. 127; T. D. 34187); T. D. 4502; T. D. 8159; T. D. 14858 (G. A. 2541); T. D. 21525 (G. A. 4529); T. D. 23871 (G. A. 5178); T. D. 25767 (G. A. 5848); T. D. 29876 (G. A. 6916).

It is our conclusion that the itemized entered value of $2.20 per bushel was the entered value of the merchandise in this case. This having been found correct by the appraiser, it was the duty of the collector in determining the dutiable value of the importation to multiply such unit value by the number of units and upon the resulting amount, after reducing the same by any sums to which the importer was lawfully entitled, assess the duty.

This conclusion makes it unnecessary to consider the second contention urged by the Government, because, the erroneously extended amount was not the entered value of the merchandise, and it therefore makes no difference whether it was the result of a clerical error, manifest or otherwise. That amount presented nothing for the consideration of the collector in assessing duties upon the importation.

The fact that the collector, acting under a mistaken view of the law, saw fit to liquidate the entry upon a larger amount than the gross entered value, ascertained as above pointed out, can not make a case of manifest clerical error under paragraph Y. To so hold would, if the Government's second contention be sound, clothe the

collector with power in any liquidation to compel the importer to apply to the Secretary of the Treasury as the final arbiter for relief from an unlawful assessment by the collector, instead of appealing to the Board of General Appraisers and this court, each of which tribunals has been created and vested with jurisdiction of such cases.

The judgment of the Board of General Appraisers is *affirmed*.