BEFORE THE THIRD DIVISION, MARCH 3, 1939

**No. 40749.**—Protest 933459–G of Funch, Edye & Co., Inc. (New York).

CLINE, Judge: This is a suit against the United States in which the plaintiff claims that the collector of customs at the port of New York assessed duty on certain ocean bill of lading forms on too great a value. It is pointed out in the protest that the invoice value of the goods is "£3.15.0, equivalent to approximately $19.00" and that "the import duty, based on the rate of 25%, was assessed on a value of $37.00."

The commercial invoice, which appears among the papers, contains but one item, reading as follows: "10,000 Atlantic Export B/Lading L–XS–L (R/–) 7/6 3.15.—."

Article 776 of the Customs Regulations of 1937 specifies the duties of the appraiser in making an appraisement as follows:

*Art. 776. Returns by appraiser.*—Appraising officers will observe the following rules in making returns on invoices:

(a) The value returned by the appraiser should be in the unit of quantity in which the merchandise is usually bought and sold in the ordinary course of trade, subject to the usual commercial terms and should not be expressed as a total unless the total is the trade unit of value.

\*     \*     \*     \*     \*     \*     \*

(f) The conversion of currency, being a function of the collector, is not related to the determination of the unit values of merchandise or of the costs, charges, etc., entering into the determination of dutiable values, and it is not the duty of appraising officers to find or state the value of currency.

\*     \*     \*     \*     \*     \*     \*

(h) If the appraised value be not the same as the entered value, the appraiser's return on the face of the invoice should be a direct statement of his appraisement, and not an expression of differences between appraised and entered values.

There are no notations in red ink appearing on the invoice nor anything to indicate that the value of the merchandise on appraisement was different from that on entry as indicated by the invoice. It must be assumed, therefore, that the appraiser appraised the merchandise at the invoice unit value. When nothing appears to the contrary, there is a presumption that all Government officers have performed their official duties.

The file before the court does not contain a regular or formal entry of the merchandise. However, there is an informal entry on Form 5119 attached to the invoice showing that the shipment consisted of "Two (2) parcels B/L Forms," the value thereof originally inserted being $37, the rate of duty being 25 percent and the amount of duty being $9.25. A line is drawn through the "37.00" and "19.00" is inserted underneath and a line is drawn through the "9.25" and "4.75" is inserted underneath.

When the case was called for trial a member of the importing firm appeared as a witness for the plaintiff and offered in evidence a letter attached to the papers, signed by Charles Kaufman, inspector of customs, which was admitted without objection. It reads as follows:

The Surveyor,
    Port of New York.
Sir:
    Reference is made to letter dated August 25, 1937, Funch, Edye & Co., concerning an importation entered on Informal Entry 761320, printed matter ex S. S. Scythia arrival of July 13, 1937.
    I have reviewed the invoice covering this importation and find that error has been made in fixing valuation on entry, the rate of seven shillings and six pence per thousand having been read by me as seven pounds six shillings for entire consignment. Valuation on entry has therefore been corrected to agree with that shown on commercial invoice, namely $19.00, which is believed to be correct.
        Respectfully,

                                                    CHARLES KAUFMAN,
                                                    *Inspector of Customs #465*

Also, there is attached to the papers in the case a letter written by the assistant surveyor to the collector and a letter written by the collector to the assistant attorney general, both acknowledging the error, but as those letters were not admitted in evidence they cannot be considered as evidence.

The letter of the customs inspector indicates that the changes in value on the informal entry noted above were made by him. There is nothing in the record to show who made out the informal entry, but, as it was signed with the importer's name, it is evident that the importer assumed the responsibility for the value stated therein.

When the value of a shipment of merchandise is less than $100, an informal entry on customs Form 5119, without the production of a consular invoice, is permitted in place of the usual formal entry. See article 344 of the Customs Regulations of 1937, which provides that four copies of such entries shall be filed. The entry in this case appears to be the original copy, although all the data contained thereon is written with a lead pencil. There appears on the face of the entry an acknowledgment, signed by C. Kaufman, showing that the duty was paid and a stamp showing the date of liquidation.

It is evident that an error was committed in transferring the total invoice value to the informal entry and at the same time converting the British currency in the invoice to United States currency. The placing of the total value in United States currency on the entry cannot be considered as an appraisement, because an appraiser is not authorized to convert currency, as shown in article 776 (*f*) of the regulations above quoted, that being the duty of the collector. Furthermore, it appears from article 1339 (*b*) of the Customs Regulations of 1937 that customs inspectors at the port of New York are placed under the directions of the surveyor. Article 1336 details the duties of the surveyor at that port and it does not appear that he has the authority to appraise merchandise. Therefore it cannot be assumed that any action which the customs inspector took in connection with the informal entry was an act of appraisal because neither he nor his superiors had authority to make an appraisement.

The error committed in this case is similar to that in the case of *W. E. Miller* v. *United States*, Abstract 15284, 59 Treas. Dec. 1576. In that case an incorrect total value was given on the entry due to a mathematical error in totaling the items on the entry. The court held that duty should have been assessed on the correct value and not on the total amount stated on the entry.

Another case involving the same issue was decided in *United States* v. *Woodward-Newhouse Co.*, 11 Ct. Cust. Appls. 284, T. D. 39100. In that case an erroneous extension was made on the consular invoice and the incorrect total of the invoice was transferred to the entry. The court held that the invoice unit value was the appraised value, and that it was the entered value also, even though the total amount found by multiplying the invoice unit value by the number of units was less than the total amount stated in the entry. It was held that the collector erred in assessing duty on the erroneous total value shown on the entry. A number of authorities are cited in that decision, including *United States* v. *Kuttroff*, 9 Ct. Cust. Appls. 239, T. D. 38204, wherein it is stated:

That the "appraised value" of merchandise is the *unit* value and not the total value of the importation is well settled in customs adjudication.

The total value shown on an entry is frequently subject to change in liquidation after the weight and quantity of the shipment has been ascertained by the surveyor, while the unit value of the invoice cannot be changed, except by appraisement or by a timely amendment of the entry.

It is evident that the invoice unit value is the only acceptable evidence in the record in this case of the entered and appraised value of the merchandise. We so find and hold that the collector erred in assessing duty on a greater value than that shown on the invoice. The protest is sustained. Judgment will be entered in favor of the plaintiff.

CONCURRING OPINION

EVANS, Judge: I concur in the majority opinion to the extent that I think the protest should be sustained. I do not concur in the conclusion that the unit values of the so-called commercial invoice constitute the only acceptable evidence of value here. We are not sitting as an appraisement court but are passing on the question of whether or not an inspector detailed to make an examination of the merchandise on the informal entry would have a right to correct the figures he originally either had inserted, or caused to be inserted, on the informal entry sheet.

Article 344 of the Customs Regulations of 1937, which governs the making of informal entry, carries only one provision with relation to appraisement under such entries. Subsection (*f*) is as follows:

(*f*) The collector may, in his discretion, require any merchandise entered in accordance with this article to be regularly examined and appraised.

Otherwise the practice would appear to be that the values being less than $100 are accepted as made by the inspector. It is a matter of common knowledge that such entries and appraisals are made by inspectors on the docks almost daily. Inasmuch as it is not a formal appraisement it would not come within the strict rule that would prevent the inspector from correcting the values. If he had no authority to make even an informal appraisement there has been no appraisement made of this merchandise, although the record shows that the entry was liquidated on August 17, 1937. Apparently the inspector corrected his figures under date of December 4, 1937. I am of the opinion that the better rule would be to hold that the inspector had a right to correct his figures which represented his informal action on the value placed on the entry, and, having so corrected them, the liquidation should be made accordingly.