UNITED STATES *v.* FRANK P. DOW CO., INC.

**No. 4624.**—Invoice dated Kobe, Japan, April 28, 1936.
Entered at Los Angeles, Calif., May 19, 1936.
Entry No. 9785.

Second Division, Appellate Term

(Decided July 31, 1939)

*Webster J. Oliver,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the appellant.
*Lawrence & Tuttle* for the appellee.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: This is an application for review brought by the United States from a judgment rendered in this appeal to reappraisement by Judge Brown as sitting judge, dated March 13, 1939, Reap. Dec. 4539.

The appeal to reappraisement in question involves the proper dutiable value of certain so-called snag gangs, a type of fishing gear, consisting of fish hooks attached to gut. Two types of so-called snag

gangs were included in the instant importation. In one type, 12 hooks were used, and in the other only 6 hooks were used.

At the trial below, the case was submitted for decision on the official record only, without the introduction of any oral or documentary evidence.

The facts in the case are very clearly and succinctly set forth in the decision of the court below. We quote therefrom:

This is an importation of so-called snag gangs, which includes both fish hooks and guts. The guts come from Japan and the hooks were previously imported from Norway and added to the guts before exportation from Japan. The consular invoice did not include the price of the hooks. The price of the hooks was added later, plus the Japanese import duty on the hooks, upon entry and amended entry. The importer got the number of hooks wrong.

The per se values thus entered are admittedly correct, and not contested, as being in conformity with the export and foreign value.

The appraiser makes a notation that the entered unit values are correct as amended. The collector, however, construed the action taken as an advance in value of 16 per centum, whereupon the importer was compelled to save his rights by, and did, appeal to reappraisement.

A careful examination of the record before us discloses that the 16 per centum advance reported in a "Notice of Advance in Value Upon Appraisement" issued by the collector to the importer represents the difference in the *total entered value* and the *total dutiable value* of the entire importation, based on the accepted unit values. In other words, there is a difference in quantity between the hooks actually imported in the 663 dozen so-called snag gangs comprising the instant importation and the quantity of hooks covered by the Norwegian invoices included in the record before us. Entry of the hooks was based upon the prices and the quantities set forth on the invoices from Norway where said hooks originated. Applying the unit entered and appraised values of 58 cents per thousand less discounts for the single hooks and 96 cents per gross less discounts for the treble hooks to the quantities of such hooks actually imported the *total dutiable value* of the importation exceeds the *total entered value*, in terms of percentage, by 16 per centum.

As stated by the court below, "It is elementary customs law that the *per se* unit values, and not the gross value of a shipment is what is to be appraised by the local appraiser and by this court on appeal to reappraisement." Following that principle of law, the action of the collector was erroneous in construing as an undervaluation the entry of the merchandise at a *total value* which is less than the *total dutiable value* of the entire shipment, and we so hold. *United States* v. *Woodward*, 11 Ct. Cust. Appls. 284; T. D. 39100, *Downing* v. *United States*, id. 310, T. D. 39128, and *Igstaedter* v. *United States*, id. 477, T. D. 39570.

On the facts hereinabove set forth, the court below found—

that the entered values are correct, and as now this court on reappraisement may determine the legal status of the appraisement itself, it is held—1st—that the entered values are sustained as proper export value, no foreign-market value being higher:

It must be borne in mind that the statute attaches to the findings of the appraiser a presumption of correctness, which is expressed in the following language contained in section 501 of the Tariff Act of 1930:

\* \* \* The value found by the appraiser shall be presumed to be the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise.

In the instant case the appraiser found that the unit entered values as amended of the imported snag gangs represented the proper dutiable value of the merchandise, and there is nothing in the record before us to disturb his official action which is presumptively correct under the provisions of section 501, *supra.*

As previously stated, an appeal to reappraisement was filed in this case solely upon the erroneous action of the collector who issued a notice of advance to the importer based on aggregate values. A situation somewhat similar to that presented herein was before the court in the matter of *Bullocks, Inc.* v. *United States*, Reap. Dec. 4400. There, as here, it was found that a notice of advance had been issued by the collector, although there had been no advance in value by the appraiser. In disposing of that case, the court said:

There is no explanation as to why the notice of advance was issued. I assume that there was no escape from the necessity of taking some action upon receipt of the notice of advance yet, the merchandise having been appraised as entered, there exists no controversy as to the dutiable value.

I sustain the action of the appraiser.

Similarly, in the case before us, there is no controversy as to dutiable value. The proper dutiable values are the appraised unit values, which are the same as the entered unit values. But since the values found by the appraiser are presumptively correct, under the statute, we believe the proper conclusion here is an affirmance of such values. Although such a conclusion would indicate a reversal of the judgment of the court below, actually there is no difference in the ultimate result. The value of the shipment will be computed on the unit values as stated on entry and by amendment, by the importer, and the Government will receive the duty to which it is entitled by applying the accepted unit values to the entire quantity of the imported merchandise.

For the reasons hereinbefore set forth we find the presumptively correct unit appraised values to be the proper dutiable values of the instant merchandise and, since such values are the same as the unit entered values as amended, the judgment of the court below is affirmed. Judgment will be rendered accordingly.