No. 46421.—Protests 973864–G, etc., of J. C. Andressen & Co., Inc., et al. (New York).

KEEFE, Judge: This is an action to recover alleged excess of duties exacted by the collector at New York on certain shipments of raw hides. Duty was assessed thereon at 10 percent ad valorem under paragraph 1530 (a), Tariff Act of 1930. The protests claim that an incorrect weight was used in liquidation, and that duty was assessed upon the basis of a weight in excess of the net landed weight.

At the trial counsel for the plaintiffs rested his case upon the incorporation of the official papers and his detailed statement of the case. The Government submitted upon the record but noted that the case appears to be a question of value over which this court has no jurisdiction but inasmuch as it was submitted upon the record a motion to dismiss would not be made.

An examination of the official records discloses the following facts: In protest 973864–G, wet salted reject steerhides weighing 259,720 pounds or 117,808 kilos were invoiced at 16.83 cents per pound, which after certain included nondutiable charges were deducted, equalled $40,682.23. Advances were made on entry to equal a unit price of $155 per kilo, Argentine currency, which, with the addition of dutiable charges, equalled Argentine $123,968.40 or U. S. $40,869.77, the total entered value. The official weigher reported the net landed weight as 107,609 net kilos. The appraiser noted a unit advance of Argentine $9.951723 per 100 kilos, stating that the advance was made to equal the increased value by reason of shrinkage, after exportation. The collector multiplied the net weight of the hides as reported by the weigher by the unit value found by the appraiser and, as the total equalled the entered value, liquidated the merchandise as entered. The appraiser's unit advance did not affect the total entered value declared by the importers even though there had been a decrease of 10,199 kilos in the invoice weight.

In protest 964929–G there were 42,148 pounds of hides invoiced at a unit value of 16 cents per pound, equalling a total value of $6,007.44 after deduction of the included nondutiable charges. The merchandise was entered at the invoice

value. The appraiser advanced the unit value from 16 cents per pound to 16.4849 cents. The official weigher found 41,388 pounds net of hides rather than the 42,148 pounds invoiced. As the appraised value of the hides multiplied by the net landed weight equalled the entered value of the merchandise, the collector liquidated the same as entered.

Counsel for the plaintiffs contends that the unit value stated in the invoice was approved by the appraising officer because the value stated for the shrinkage after exportation is figured on this unit value. In other words, where the unit value shown is 16 cents per pound, the appraiser has taken the difference between the landed weight and the invoice weight and has applied to such difference the unit price of 16 cents. Therefore the value so ascertained for the merchandise which was not landed is then apparently distributed to the total landed weight and the total value thus returned is exactly the unit value expressed in the invoice multiplied by the invoice weight and not the landed weight. Consequently duty was assessed upon a sum derived from the multiplication of the weight of the hides when shipped by the invoice unit value per pound rather than upon the basis of the legal landed weight.

It was further contended that, as no notice of advance was received under the provisions of section 501, the collector failed to apply the value noted by the appraiser to the net landed weight; and that the appraiser approved the unit value as invoiced and therefore there could be no possible question of value presented.

It is further contended that if the appraiser returned a value such value was not in accordance with the provisions for value in section 402; that neither the foreign nor export value, as defined in section 402, contemplates a value of merchandise at the time of landing at a port in the United States; and that the definitions of foreign or export value fail to include any factors as to the condition of the merchandise after the vessel leaves the foreign port and during the voyage of exportation to the United States, and also that there is nothing in the statute that permits the appraisement of merchandise by a process of arithmetic.

The Government, on the other hand, contends that the collector reported that he took duty upon the basis of the net landed weight figured from the unit value returned by the appraiser, and the plaintiffs have failed to produce any evidence to the contrary; that there is a failure of evidence to support the claim that the weight on exportation differed from the landed weight as there is no means of knowing from the papers whether such shrinkage occurred before or after importation; that the only evidence before the court is that the invoice weight is greater than the landed weight, but whether such difference in weight resulted from shrinkage, shortage, clerical error or from other cause has not been established.

From a consideration of the record we are of the opinion that the only question before us relates to whether or not the collector applied the appraised unit of value to the net landed weight. The invoice and entry papers clearly establish that the appraiser advanced the unit value of the hides in question and that a multiplication of the net landed weight reported by the Government weighers and the unit appraised value equals the entered value for duty purposes upon which duty was assessed by the collector.

It has long been held that the entered value binding upon the importer is the unit value and not the total value of the invoice and such unit value multiplied by the net landed weight must be taken as the basis for duties. See *United States* v *Woodward-Newhouse Co.*, 11 Ct. Cust. Appls. 284, T. D. 39100; *Downing* v. *United States*, 11 id. 310, T. D. 39128.

In the case of *Sands & Leckie* v. *United States*, T. D. 26956, G. A. 6247, a similar question was presented to the court. There the validity of reappraisement was in issue. Certain raw hides were involved and upon importation were found to weigh less than the invoiced weight. The appraiser returned the unit value of the

invoice as correct, and the collector appealed for a reappraisement. The court advanced the reappraised value over the entered value upon the theory that the hides were of a greater value when landed than when shipped from abroad.

The court in its opinion said that in a protest against the validity of reappraisement the question relative to the method of ascertaining the value could not be raised, that being a reappraisement matter. The court therefore confined its opinion to a consideration of whether or not it was illegal for an appraising officer to change the unit value by reason of shrinkage in weight. The court observed that the law fixes definitely the date at which the value should be ascertained but the value is applied to the merchandise in the condition in which imported into this country. The court's language was as follows:

It being only imported merchandise that is dutiable, it follows that when an ad valorem duty is provided by law the value upon which that duty is levied must be ascertained with reference to the condition of the merchandise at the time it enters the United States. We reach the conclusion, therefore, that the appraising officer, in taking into account the shrinkage of the hides, and their increase of value thereby, did not proceed upon a wrong principle in appraising them for duty purposes.

The Supreme Court in the case of *American Sugar Refining Co.* v. *United States*, 181 U. S. 610, had under consideration a question similar to the one here presented. There certain sugar had diminished in weight and increased in value between the time it was shipped from Brazil and the time it was received in the United States. The court held that it was the value of the sugar at the time it was received in the United States upon which duty should be assessed. The court stated:

To dwell upon the relative conditions of the sugars is misleading. They are really not the same articles, and it is upon the imported article the duty must be laid. This is the purpose of the statute. It is "such merchandise" which is imported and which is subject to an *ad valorem* duty according to its market value from whence it has come. And the practical justness of the rule is illustrated by this case.

In article 781 of the Customs Regulations of 1937 it is provided that: "When merchandise subject to an ad valorem rate of duty has decreased in weight by reason of evaporation or otherwise, and the value of the unit of quantity has correspondingly increased, the appraiser should appraise the merchandise in the condition in which imported and such appraisement shall not be deemed an advance in value for the purpose of assessing additional duty."

The legality of such regulation is not here attacked by the plaintiffs. In our opinion it is fair and just to all concerned. Nor have the plaintiffs in the protests raised the question of the legality of the appraisement in that notice of appraisement was not given by the collector. Had there been evidence presented that the collector failed to give written notice of appraisement, as required in section 501, when the appraised unit of value is higher than the entered unit value, a different question would have been before us for consideration.

From all that appears before us in this case, the appraiser found the unit value of the merchandise at the time of shipment in the condition in which it arrived in the United States and the collector has used such unit value together with the net landed weight of the hides as a basis for his assessment of duty.

Judgment will therefore be entered in favor of the Government.