**No. 47199.**—Protests 981515–G, etc., of B. D. Eisendrath Tanning Co. et al. (New York).

Opinion by KEEFE, J. It was stipulated at the trial, among other things, that the unit appraised value of the merchandise covered by the entries was higher than the unit entered value, and further that the collector gave no written notice of appraisement to the consignee, his agent, or his attorney as provided in section 501, Tariff Act of 1930, and that protest 983119–G was abandoned as to certain entries. The court stated it has long been held that the entered value binding upon the importer is the unit value and not the total value of the invoice and that such unit value multiplied by the net landed weight must be taken as a basis for duties. *United States* v. *Woodward-Newhouse Co.* (11 Ct. Cust. Appls. 284, T. D. 39100) and *Downing* v. *United States* (id. 310, T. D. 39128) cited. It appeared that in Abstract 46421 the appraiser advanced the unit values of certain hides to compensate for the shrinkage in the weight of the hides and the

collector used such unit value together with the net landed weight as the basis for his assessment of duty, which the court held was a proper basis. However, in that case the question of the legality of appraisement for failure of the collector to give notice of advance in the unit value was not raised. In view of the plain wording of the statute as to notice, the court in the instant case was of the opinion that where the value of the unit of quantity has been increased by reason of evaporation or other decrease in weight, a written notice of appraisement should be given by the collector and that without such notice the appraisement is not complete, even though under article 781, Customs Regulations of 1937, such advance in value is not to be regarded as an advance for the purpose of assessing additional duty. It was therefore held that the liquidations of the entries appearing on schedule A in the instant case are null and void, as claimed. Abstract 43417 cited. The protests were overruled in all other respects.