UNITED STATES *v.* KLINGERIT, INC.

No. 6158.—Invoice dated Gumpoldskirchen, Austria, June 2, 1937.
Certified June 2, 1937.
Entered at New York, N. Y., June 17, 1937.
Entry No. 77503.

Second Division, Appellate Term

(Decided June 4, 1945)

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellant.

*Benjamin A. Levett* (*Benjamin A. Levett* and *Meyer Ohlbaum* of counsel) for the appellee.

Before TILSON, LAWRENCE, and EKWALL, Judges

TILSON, Judge: This is an application for review of the decision of the trial court in which, among other things, it is stated:

Examination of the invoice involved discloses numerous red-ink notations setting forth for the various items certain values, followed by the abbreviation "adv."

for "advanced." There seems to be no question from the testimony of Henry H. Crum, who was called as a witness by the plaintiff, that he made the notations referred to, and that at the time they were so made he was an examiner of merchandise.

\* \* \* \* \* \* \*

In the column marked "Appraised" there is a check mark, thus indicating that the merchandise was appraised as entered, and the sheet is subscribed "Approved Feb. 14, 1940. S. J. Montgomery, Acting Appraiser." \* \* \*

Based upon the above facts, and following *James Loudon* v. *United States*, Reap. Dec. 5731, the trial court held:

\* \* \* that the merchandise covered by Reappraisement No. 136443–A was appraised as entered, and there being no competent evidence before me upon which a finding of any different values could be based I determine that the proper dutiable values of the goods there involved were such appraised and entered values, and judgment will issue accordingly.

By act of March 3, 1905, 33 Statutes at Large, 983, the Congress expressed its view as to the person it considered capable and competent to make an appraisement of merchandise. This act is as follows:

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That in case of a vacancy occurring, by reason of death or otherwise, in the office of appraiser or assistant appraiser of merchandise in any customs collection district the Secretary of the Treasury may designate some officer or employee within the district to perform the duties of the office, without additional compensation, until the vacancy shall have been filled.

SEC. 2. That in case of the sickness, disability, or occasional and necessary absence from his office of an appraiser of merchandise in any customs collection district it shall be lawful for the appraiser to nominate, and the Secretary of the Treasury to confirm, an assistant appraiser or other officer of the customs in the same customs collection district, who shall perform the functions of the appraiser, without additional compensation, during such absence: *Provided,* That in no case shall any person enter upon or discharge the duties of the appraiser or assistant appraiser of merchandise until he shall have taken the oath required by law of such officer.

In the case of *Lunham & Moore* v. *United States,* Abstract 45342 (old series), this court held that:

The most that may be said of the action of the examiner, who is the appraiser's subordinate, is that it is advisory. He operates simply as an aid to the appraiser. He cannot make a final appraisement unless he is specially designated so to do at a port where there is no appraiser. His action therefore, being merely advisory, there is no reason why his judgment might not be changed at any time between his first examination of the merchandise and the actual return of the appraiser.

In the case of *Loudon, supra,* this court said:

Under the authorities hereinbefore cited and quoted the action of the examiner of merchandise in placing the notation as to the value upon the invoice cannot be considered as an appraisement of the merchandise. To hold that the examiner by placing a notation as to value upon the face of the invoice could thereby preclude the appraiser from making an appraisement different therefrom, or that such action by the examiner must be considered an appraisement of the merchandise, irrespective of any action by the appraiser himself, would be to make

the examiner the appraiser, and thereby make of no effect any action by the appraiser. To this we cannot subscribe.

* * * * * * *

When the official papers are returned to the collector after an examination and appraisement of the merchandise in the office of the appraiser, the collector in selecting the value upon which he will assess duty is not at liberty to look to the action of the examiner and also to the action of the appraiser and adopt the value reported by the examiner to the appraiser in case he finds that to be higher than the actual appraised value. The only value upon which the collector can base his assessment of duties is the final appraised value and that value is the value found by the appraiser, and is not the value reported by the examiner to the appraiser which the appraiser by positive action failed and refused to accept and adopt as the appraised value.

Upon a review of the record, and for the reasons hereinbefore stated, we find that the trial court arrived at the correct conclusion, and its reasoning and argument are sound. The judgment of the trial court as to reappraisement No. 136443–A is therefore affirmed. Judgment will be rendered accordingly.

LAWRENCE, Judge:

I concur in the result.