(C. D. 1435)

GIMBEL BROS., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 26, 1952)

*John D. Rode* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON; CLINE, J., not participating

EKWALL, Judge: This is a protest against the collector's liquidation of an entry covering two lots of cotton cloth, one colored and the other bleached, imported from Brazil on May 26, 1945. It is claimed that the entry and the appraisement were in Brazilian currency; that an erroneous rate of exchange was used in converting said currency; and that the collector should have followed the provisions of Bureau of Customs Circular Letter No. 2675 of October 19, 1949.

The Government contends that the merchandise was entered and appraised in United States dollars, requiring no conversion of the currency, and that even if the appraised value is the unit price in Brazilian cruzeiros, no change in liquidation would follow because that value, converted into United States dollars in the manner provided in the Bureau letter, above mentioned, would be less than the entered value.

The merchandise was classified under paragraph 904 of the Tariff Act of 1930 on the basis of yarn count at 21.75 per centum ad valorem for the colored cloth and 23.75 per centum ad valorem for the bleached cloth, and it was conceded at the trial that said classification and rates were correct.

Plaintiff also conceded that the official and free rates for the Brazilian cruzeiro used by the collector in the liquidation of the entry were the correct rates of exchange certified by the Federal Reserve Bank of New York under section 522 of the Tariff Act of 1930 as the buying rates on the date of exportation of the involved merchandise. Those rates were 30 per centum at the official rate of $0.060602 and 70 per centum at the free rate of $0.051802.

The principal question to be determined is whether the merchandise was entered or appraised in United States dollars or in Brazilian cruzeiros.

The consular invoice gives the unit value of the merchandise as 49½ cents per meter in United States currency, the invoice total as $3,912.43, and the home consumption unit price as 9.20 cruzeiros per meter. It is stated that the currency is United States paper currency. In a form attached to the invoice it is stated that the currency of purchase was United States dollars and that the total amount to be remitted was $3,912.43 for the merchandise, plus $50.53 for freight.

In declaring the entered value on the amended entry, the importer listed the purchase price of $3,912.43, deducted $5.89 for nondutiable charges, and added $289.37 to make market value, making a total of $4,195.91, making a total entered value of $4,196.

Attached to the amended entry is a work sheet containing the following:

AMENDED———DP #734957

It is the intention of the Importer to enter in U. S. Dollar units predicated on the Cruz unit mentioned below, converted at Cr. 18.37 to U. S. Dollar as below:

| | |
|---|---|
| 7903.90 @ 9.20 | 72715. 88 |
| plus 6% | 4362. 95 |
| | Cruz 77078. 83 |
| @ 18.37 | $4195. 91 |

Invoiced:

| | | |
|---|---|---|
| Less N D Chgs: | $3912. 43 | |
| Crs. 97.20 @ 060602 | 5. 89 | |
| | | 3906. 54 |
| Add M M V | | $289. 37 |

The total yardage, the unit amount in cruzeiros, and the 6 per centum addition were checked in red ink by the examiner and the statement appears "Noted as pkd," presumably made by the examiner and initialed by him. Stamped thereon is the statement:

UNITED STATES DOLLARS DERIVED FROM THIS TRANSACTION WERE SOLD @ 30% OFFICIAL RATE 70% FREE RATE

The summary sheet contains a red-ink check mark in the column headed "Appraised" indicating that "the appraised value agrees with the entered value as represented by the information set forth on the invoice and in any importer's notations endorsed thereon or attached thereto."

The liquidator's red-ink figures on the amended entry indicate that duty was assessed on a value of $1,464 for the colored cloth and $2,732 for the bleached cloth, or a total dutiable value of $4,196.

The plaintiff contends that the merchandise was entered in Brazilian currency on the ground that the only unit value listed in the entry or the work sheet is a unit value of 9.20 cruzeiros plus 6 per centum. However, the importer stated that it was its intention "to enter in U. S. Dollar units predicated on the Cruz unit mentioned below,

converted at Cr. 18.37 to U. S. Dollar as below." Therefore, the entered unit value is not 9.20 cruzeiros plus 6 per centum, but 9.20 cruzeiros plus 6 per centum converted at 18.37 cruzeiros to the dollar. Consequently, it is immaterial that the calculation did not set forth the unit price in a specified amount of United States dollars; said amount could be determined as follows:

|  |  |  |
|---|---|---|
| | Cr. | 9. 20 |
| plus 6%_____ | | . 552 |
| | Cr. | 9. 752 |
| @ 18.37_____ | | $0. 5308 |

Since the entered value was in United States dollars, there was no reason for the collector to make any conversion of currency unless the appraised value was expressed in foreign currency.

As stated above, the appraiser made a red-ink check mark in the column headed "Appraised" on the summary sheet, thus indicating that the merchandise was appraised as entered. This action of the appraiser superseded the advisory check marks and other notations placed on the work sheet by the examiner. *James Loudon & Co.* v. *United States*, 9 Cust. Ct. 635, Reap. Dec. 5731; *United States* v. *Klingerit, Inc.*, 14 Cust. Ct. 433, Reap. Dec. 6158.

Since the merchandise was appraised as entered and since the entered value was in United States dollars, the appraised value was also in United States dollars and no conversion of currency was necessary. The liquidator's figures on the amended entry indicate that the duty was assessed on the basis of the entered and appraised value of $4,196, and not on the basis of any value in cruzeiros.

Assuming, however, that the appraised value were 9.20 cruzeiros per meter plus 6 per centum, as apparently indicated by the examiner, liquidation would have to be on the basis of the entered value, if such value were higher. (Section 503, Tariff Act of 1930.) Under the formula prescribed in the Bureau of Customs Circular Letter No. 2675, a value of 9.20 cruzeiros per meter plus 6 per centum, would amount to $4,175.45 for the merchandise involved herein. Since that amount is $20.55 less than the entered value of $4,196, the collector is required under the statute to assess duty on the basis of the latter.

On the record herein, we hold that the collector's liquidation of the entry herein is correct. The protest is overruled and judgment will be rendered accordingly.