(C. D. 1732)

D. C. Andrews & Company, Inc. *v.* United States

United States Customs Court, Third Division

(Decided November 3, 1955)

*John D. Rode* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Dorothy C. Bennett*, trial attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: This case involves a shipment of 7 cases of washing machine parts, consisting of 550 pieces, imported from England. The merchandise was entered and appraised on the basis of cost of production, as defined in section 402 (f) of the Tariff Act of 1930. Plaintiff herein, the importer of record, does not question the classification or rate of duty assessed by the collector but claims that such rate was assessed on the basis of an erroneous entered and appraised value. It is further claimed that if the appraised value was higher than the entered value, since no notice of appraisement was issued, the liquidation is premature and invalid.

The Government contends that, for dutiable purposes, the entered and appraised values are represented by the unit value, not the total value, and that plaintiff's claim, which seeks liquidation of the entry on the basis of an erroneous extended total value, is not well founded.

The only evidence produced consists of the official papers, which include the invoice and entry, and an agreement between counsel that the red-ink check mark on the importer's white worksheet (exhibit 1), attached to the invoice, was made by the customs examiner as an advisory appraisement and that no notice of appraisement was issued with respect to this entry.

Exhibit 1 states:

Importer enters at C O P [cost of production]
550 pcs @ £51–19–7=£285–17–8
(per 100)
@ 2.808125=$802.80

This portion of the worksheet was initialed by the examiner.

The applicable portions of the statute and regulations are as follows:

## SEC. 484. ENTRY OF MERCHANDISE.

(a) REQUIREMENT AND TIME.—* * * the consignee of imported merchandise shall make entry therefor * * * under such regulations as the Secretary of the Treasury may prescribe. * * *

\*          \*          \*          \*          \*          \*          \*

(g) STATEMENT OF COST OF PRODUCTION.—Under such regulations as the Secretary of the Treasury may prescribe, the collector or the appraiser may require a verified statement from the manufacturer or producer showing the cost of production of the imported merchandise, when necessary to the appraisement of such merchandise.

## SEC. 501. NOTICE OF APPRAISEMENT—REAPPRAISEMENT [as amended].

The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. * * *

[Customs Regulations of 1943]:

8.16 Entered value; importers may add to or deduct from the invoice value.— (a) The person making entry shall show in clear detail on the invoice or on a statement attached thereto each addition to or deduction from the invoice value of merchandise under section 487, Tariff Act of 1930, together with the item to which it refers, indicating the entered unit value. He shall likewise show the computation in detail of the aggregate amount of all the additions or deductions made by the importer to make the aggregate entered value.

(b) After an entry has been filed at the customhouse, no change shall be made in the importer's statement of entered values, except in the following manner:

(1) The consignee or his agent shall submit to the collector, in triplicate, a revised copy of the entry or of the page thereof covering the items to be amended, and shall also submit a revised copy of the corresponding summary of entered values on customs Form 6417, prepared in accordance with section 8.8 (a), (b), and (c) and conspicuously marked "Amendment." The applicant shall also show, on a separate sheet of paper filed with the amended entry and suitable for attachment to the invoice or the revised customs Form 6417, the exact items on each invoice to which the amendment pertains, the new unit values, and the computation in detail of the aggregate amount of the additions or deductions upon amendment.

\*          \*          \*          \*          \*          \*          \*

The instant merchandise was entered and appraised on the basis of cost of production, as defined in section 402 (f) of the Tariff Act of 1930. Section 484 of the same act, above set forth, provides for the filing of a verified statement of cost of production by the foreign manufacturer. We find as part of the official papers forwarded to

the court by the collector such a statement, showing the cost of production per 100 of the merchandise to be £51 19s. 7d. The commercial invoice shows the shipment to consist of 550 pieces. The entry sheet shows a total value of $150.15, from which the importer deducted to make market value $4.19, making a value on the entry sheet of $145.96, which plaintiff claims to be the proper value and the one which the collector should have adopted in liquidation. The court is without evidence, save that disclosed by the official papers. On exhibit 1, the information contained on the upper part of the sheet shows that the importer entered at a unit value of £51.19.7 per 100 pieces and that the importation contained 550 pieces. On the lower portion of the same sheet, we find the following:

$$\text{Importer enters at C O P} = £51\text{--}19\text{--}7$$
$$@2.808125 = \$145.\,96$$
$$\text{Invoiced} \qquad 150.\,15$$
$$\text{Deduct} \qquad 4.\,19$$

The court is unable to reconcile these two sets of figures, and the record throws no light upon the conflict. We have, however, the examiner's red-ink advisory check upon the unit value of £51.19.7 per 100, which the importer correctly carried out at a total of £285.17.8, that is on the basis of 550 pieces, or 5½ hundreds. The aggregate entered value is also correctly converted on the worksheet to equal $802.80. Therefore, the unit entered value and the computation of the aggregate entered value is correctly set forth in the importer's statement attached to the invoice, as required by section 8.16, *supra*. We know of no provision in the tariff act or the regulations thereunder for alternative entered values.

For dutiable purposes, both the entered value and the appraised value are represented by the unit value. *United States* v. *Kuttroff*, 9 Ct. Cust. Appls. 239, T. D. 38204; *United States* v. *Woodward-Newhouse Co.*, 11 Ct. Cust. Appls. 284, T. D. 39100; *Downing* v. *United States*, idem 310, T. D. 39128; *Igstaedter* v. *United States*, idem 477, T. D. 39570; and *United States* v. *Manahan*, 24 C. C. P. A. (Customs) 53, T. D. 48333.

In the *Woodward-Newhouse* case, *supra*, the importer entered the correct number of bushels of wheat and declared the correct unit value on the entry paper, but erroneously calculated the extended total value. The appellate court held that it was the duty of the collector to disregard the erroneous total value and to take duty on the number of bushels, multiplied by the unit entered value. We quote the language of the court as follows:

Without undertaking again to review or discuss the authorities under examination in the case last cited, it is sufficient for the purposes of this opinion to say

that they definitely and uniformly establish the rule that where an entry stated the entered value of the unit of merchandise duty must be assessed upon the appraised value of the unit multiplied by the number of units. In other words, the gross entered value in such case is ascertained by multiplying the entered unit value by the true number of units.

      \*       \*       \*       \*       \*       \*       \*

It is our conclusion that the itemized entered value of $2.20 per bushel was the entered value of the merchandise in this case. This having been found correct by the appraiser, it was the duty of the collector in determining the dutiable value of the importation to multiply such unit value by the number of units and upon the resulting amount, after reducing the same by any sums to which the importer was lawfully entitled, assess the duty.

In the *Downing* case, *supra*, the court reiterated the rule and said:

This objection, however, finds an answer in the fact that the term "entered value," as used in the foregoing provision, signifies the unit of value and not the gross dutiable valuation given in the entry. In this case the unit of value was the price of the yarn per pound as given in the entry and confirmed by the appraisement of the local appraiser, and accordingly no less a price per pound could be adopted in finding the dutiable valuation of the merchandise for assessment. But that provision does not prevent the ascertainment of the correct landed weight of the merchandise, notwithstanding the statement of the invoice and entry, and the determination of the duty by multiplying the correct unit price per pound by the corrected number of pounds as so ascertained. \* \* \*

We find the above-quoted language to be controlling under the facts as presented in the case at bar. Here, the worksheet correctly sets forth the unit entered value, on the basis of cost of production, to be £51.19.7 per 100 pieces. The appraiser, so far as the record shows, adopted said unit value. Therefore, it was the duty of the collector, under the *Woodward-Newhouse Co.* case, *supra*, "in determining the dutiable value of the importation to multiply such unit value by the number of units and upon the resulting amount, after reducing the same by any sums to which the importer was lawfully entitled, assess the duty." In the case at bar, no deductions being allowable, the collector multiplied the entered and appraised unit price per 100 pieces by 5½ in order to determine the total value for the 550 pieces invoiced. The resulting amount, £285.17.8, as correctly calculated in the first statement appearing on exhibit 1, was used by the collector in liquidation. Counsel have agreed that the red-ink check mark alongside the unit value on the worksheet, i. e., £51.19.7 per 100, was placed there by the customs examiner as his advisory appraisement. That the appraiser approved the said unit entered value, in his appraisement, is established by the red-ink check mark on the official summary sheet in the column headed "APPRAISED." On said summary sheet, such a check mark is explained as follows:

EXPLANATION.—A check mark ( ✓ ) in the appropriate column below indicates that—(a) the appraised value agrees with the entered value as represented by

the information set forth on the invoice and in any importer's notations endorsed thereon or attached thereto; * * *.

Such a check mark on the summary sheet under the column headed "Appraised" is evidence that the imported merchandise was appraised as entered. *James Loudon & Co.* v. *United States*, 9 Cust. Ct. 635, Reap. Dec. 5731; *Gimbel Bros., Inc.* v. *United States*, 29 Cust. Ct. 5, C. D. 1435.

Upon the record, we hold that the entered value is the unit value of £51.19.7 per 100 pieces and that the merchandise was appraised as so entered. Therefore, the collector was not required to furnish written notice of appraisement. *United States* v. *Frank P. Dow*, 3 Cust. Ct. 528, Reap. Dec. 4624.

We find no error in the collector's liquidation. Plaintiff's claims are, therefore, overruled. Judgment will be rendered for the defendant.