BEFORE THE THIRD DIVISION, FEBRUARY 9, 1956

**No. 59717.**—Terzis of Syria, Inc. *v.* United States, protest 230127–K (New York).

EKWALL, Judge:   This case involves a number of items of merchandise imported from Beirut, Lebanon, consisting of rayon brocaded and embroidered cloth, brocaded slippers, assorted brass articles, silver bracelets, etc., which were assessed for duty at various rates of duty.   The correctness of the classification is not disputed.   Plaintiff claims, in the original protest, that the amount arrived at by the collector as a refund was incorrectly computed and, further, that the rate of exchange used in converting the currency involved, Lebanese piasters, into United States dollars, which it is alleged is 0.00457665, was in error, in that it should have been converted at the rate of 0.00327868 which, it claims, is the free rate of exchange.   In an amendment to the protest, plaintiff claims:

The Collector has not properly determined the dutiable value of this merchandise. · All of the merchandise except the jewelry was appraised in United States dollars at .004212 (cents) United States currency for each Lebanese piaster at invoiced units of value, net plus cost of casing and packing.   The Collector has determined dutiable value by multiplying the number of Lebanese piasters by $0.004212 and has thus erroneously determined dutiable value and has not used the value found by the Appraiser.

At the hearing, counsel for the plaintiff stated as follows:

If the court please, there is no question of the conversion of currency involved in this protest.

All of the merchandise except the jewelry was appraised, according to the notations on the invoice, in "United States dollars at .004212 (cents) United States currency for each Lebanese piaster at invoiced units of value, net plus cost of packing and casing."

The court has held that such appraisement is an appraisement in United States dollars, C. D. 1435.

In liquidating this entry the Collector has converted the invoice units in Lebanese piasters to United States dollars at the rate of .004212 dollars, and thus used a value different than the appraised value.

We claim that his action in so doing is actually entirely illegal, null and void.

Counsel for the plaintiff offered and there were received in evidence all of the official papers.

Counsel for the Government admitted that the conversion rate was not involved and stated the issue to be whether there was error in the entered or appraised values.

Counsel further stated:

I desire to call the court's attention to the entry sheet, in which all of the entries were made on the basis of American dollars, * * *.

The Appraiser appraised on the basis of American dollars, at the entered values. Therefore, I don't think there is any dispute before this court. I have studied, restudied it, and I can't see that there is any issue before this court.

It is merchandise which, in the opinion of the Appraiser, has been bought and sold on the basis of American dollars, and apparently entered on the basis of American dollars. There is no difference in the per se value between the American entered and the appraised value, and I can't conceivably understand what the issue is before the court. There is no difference of any kind.

To this statement, plaintiff's counsel replied:

It is merely the importer's contention that the appraisement, which is an appraisement in United States dollars, is at the rate as stated by the Appraiser, of .004212 cents.

Counsel for the plaintiff states in the brief filed:

The appraisement was an appraisement in United States dollars and there was no reason for the Collector to make any conversion of currency. (*Gimbel Bros. Inc.* v. *United States*, 29 Cust. Ct. 5, C. D. 1435). When the Collector converted piastres to United States dollars at the rate of $0.004212, he did not follow the appraisement as he was bound to do. *Utica Knife & Razor Co.* v. *United States*, 62 Treas. Dec. 796, Abstract 20952. The liquidation is, therefore, illegal, null and void. It is entirely immaterial that the importer determined his entered values by converting piastres to United States dollars by using an exchange rate of $0.004212 since the merchandise was appraised in United States dollars at the rate of .004212 (cents) for each Lebanese piastre, notwithstanding any inference to the contrary that may be sought to be drawn from the check marks appearing on the Summary Sheet. None of the merchandise, not even the jewelry, was appraised as entered. It was all entered in Lebanese piastres; it was all appraised in United States dollars.

We find no basis for the statement that the merchandise was "entered in Lebanese piastres."

Inasmuch as both litigants agree that the merchandise (with the exception of the jewelry) was appraised in United States dollars, it is not clear to the court what significance the rate of exchange for the currency involved can have. Nor is it the understanding of the court that the rate ".004212 (cents)" is other than or different from that expressed "$0.004212." We understand such rate to be 4.212 mills.

The summary of appraisement shows that the appraised value was "as entered." It has been uniformly held that the notation on the summary of appraisement is controlling over any notation made by the examiner on the invoice or other entry papers. *Gimbel Bros., Inc.* v. *United States*, 29 Cust. Ct. 5, C. D. 1435. We quote from the language of the court:

As stated above, the appraiser made a red-ink check mark in the column headed "Appraised" on the summary sheet, thus indicating that the merchandise was appraised as entered. This action of the appraiser superseded the advisory check marks and other notations placed on the work sheet by the examiner. *James Loudon & Co.* v. *United States*, 9 Cust. Ct. 635, Reap. Dec. 5731; *United States* v. *Klingerit, Inc.*, 14 Cust. Ct. 433, Reap. Dec. 6158.

An examination of the invoice and entry papers discloses that the collector, acting under authority of section 16.2 (b) of the Customs Manual, made some changes in the rates of duty at which the various items were entered and advisorily classified. Plaintiff makes no claim that such changes in rate were erroneous.

The collector's memorandum of transmittal states that the merchandise was invoiced, entered, and appraised in "Lebanon Pounds," which is contrary to the statements of both counsel in the briefs filed that the appraisement was in United States dollars.

The official papers show two liquidation statements, one on August 1, 1950, and a later one on October 24, 1950, the latter being the one verified by the Comptroller. The first statement showed increased duties due of $3.10, whereas the later one showed a refund of $9.78, which is the amount claimed by the plaintiff herein to be in error.

The facts, insofar as they relate to the liquidation, are far from clear, nor is the confusion clarified by statements made at the hearing or in the briefs. If the collector was in error, we are unable to find from this record what the proper action in liquidation of the entry should have been. We, therefore, overrule the protest, without affirming the action of the collector.

Judgment will be rendered overruling the protest.